The Law Office of Richard St. Paul, Esq., PLLC
Richard St. Paul, Esq.
445 Hamilton Avenue, Suite 1102
White Plains, New York 10601
Telephone: (914) 517-7568
Facsimile: (914) 517-7569
Attorneys for Plaintiff
Sorin Lazar

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
:
SORIN LAZAR,                                                         :
                                                                     :    DOCKET NO.
                                          Plaintiff,                 :
                                                                     :
                                                                     :
     -against-                                                       :    COMPLAINT
                                                                     :
THE CITY OF NEW YORK and
P.O. JASMINE NUNEZRAMOS, in her Official and
individual capacity, CYRIS JEWELS, in her Official
capacity as a Board Member of the Aurora
Condominium and in her individual capacity
And The Aurora Condominium                                           :
                                                                     :
                                                                     :
                                          Defendants.                :
---------------------------------------------------------------------x

Plaintiff SORIN LAZAR ("Plaintiff"), by his attorneys, The Law Office of Richard St. Paul, Esq., PLLC, as and for his Complaint against Defendants, The City of New York, P.O. Jasmine Nunezramos, Cyris Jewels and The Aurora Condominium alleges as follows:

INTRODUCTION

1.      This action arises under the United States Constitution, particularly under the provisions of the Fourth and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983.

2. Defendants City of New York and P.O. Jasmine Nunezramos, violated the constitutional rights of Plaintiff Sorin Lazar by falsely arresting and detaining him for crimes he did not commit.  Notably, Officer Nunezramos arrested Mr. Lazar despite being told that here was removing items from his storage space in which he had a key.  Plaintiff was arrested and forced to make numerous appearances before the case against him was dismissed.

3. Defendant Cyris Jewels fraudulently, falsely, and with malicious intent to deceive the NYPD filed a false report with the New York City Police Department thereby causing Plaintiff to be falsely arrested.   Defendant Cyris Jewels further published false statements about Plaintiff committing a crime.

4. Each and all of the acts of the Defendants alleged herein were done by the Defendants, their agents, servants and employees, and each of them, not only as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York and The City of New York, and under the authority of their office as police officers of said state, city and county.

## PARTIES

5. Plaintiff Sorin Lazar is an individual and at all times relevant in this complaint a resident of the State of New York and County of the Bronx.

6. Defendant, The City of New York, was and still is a municipal corporation duly organized and existing under and by virtue of the laws of State of New York.  It owns, operates, manages, directs, and controls the NYPD.

7. Upon information and belief, that at all times hereinafter mentioned, and on or prior to February 28, 2020, Police Officer Jasmine Nunezramos , was employed by Defendant, City of

New York, as a police officer. At all relevant times, this Defendant was acting under color of state law and within the scope of his employment.

8. Defendant Cyris Jewels is an individual and at all times relevant in this complaint a resident of the State of New York and County of the Bronx.

9. Defendant, The Aurora Condominium was and still is a Condominium duly organized and existing under and by virtue of the Condominium laws of State of New York.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343, which confer original jurisdiction upon federal district courts in suits seeking to redress the deprivation of rights secured by the United States Constitution and laws of the United States.

11. Venue is proper in this District under 28 U.S.C. § 1391 because the events giving rise to Mr. Lazar's claims occurred in this District.

## FACTUAL ALLEGATIONS

12. On about February 28, 2021, Mr. Lazar, the former superintendent of The Aurora Condominium was removing his items from his storage unit.

13. Thereafter, without warning or cause, Mr. Lazar was arrested by P.O. Jasmine Nunezramos.

14. After his arrested, Mr. Lazar gave a statement to an agent of the New York City Police department in which he told the Officer he was removing his stuff from his storage unit.

15. Defendant Cyris Jewels fraudulently, falsely, and with malicious intent to deceive the NYPD filed a false report stating that Mr. Lazar stole property belonging to The Aurora Condominium.

16. Upon information and belief, Defendant, Cyris Jewels showed a video tape to P.O. Jasmine Nunezramos of Mr. Lazar removing monitors from his storage.

17. Upon information and belief, Defendant, Cyris Jewels told P.O. Jasmine Nunezramos that he was removing monitors from his storage unit.

18. Despite this information, Defendants continued to prosecute Mr. Lazar.

19. On or about March of 2020, Defendant, The Aurora Condominium and Cyris Jewels caused to have published a newsletter claiming that Mr. Lazar was a thief.

20. As a result of the arrest, Plaintiff was made to hire an attorney and make numerous appearances in Court.

21. In or about January 2021, the charges were dismissed against Mr. Lazar.

### FIRST CAUSE OF ACTION – (ASSAULT AND BATTERY)

21. Plaintiff incorporates by reference paragraphs 1 through 25 as if fully set forth here and further allege as follows:

22. The actions of individual defendants, and each of them, were intentional and malicious and were committed with wanton disregard for the rights of the plaintiff.

23. The actions of the individual defendants were unjustified and unnecessary in the performance of their duties and were unreasonable, unwarranted and excessive use of force.

24. The actions of said defendants constituted unlawful assaults and batteries upon plaintiff.

25. As a direct and proximate result of said conduct, plaintiff sustained injuries, both physical and mental. Additionally, said plaintiff has suffered special damages.

26. Said conduct of the individual defendants was so wanton, willful and reckless and in total disregard for the public safety as to warrant the imposition of punitive damages.

## *SECOND CAUSE OF ACTION*

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

27. Plaintiff incorporates by reference paragraphs 1 through 26 as if fully set forth here and further allege as follows:

28. The actions of the individual defendants, and each of them, were extreme and outrageous and constituted an intentional infliction of emotional distress upon plaintiff.

29. Defendant intentionally inflicted emotional distress upon said plaintiff through a deliberate and malicious campaign of harassment and intimidation.

30. Said conduct of said defendants was so willful, wanton, malicious, reckless, and in such disregard for the consequences as to reveal a conscious indifference to the right of plaintiff to be free from the intentional infliction of emotional distress as to warrant the imposition of punitive damages, in addition to compensatory damages.

31. Defendants committed said intentional infliction of emotional distress upon plaintiff.

### THIRD CAUSE OF ACTION
### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

32. Plaintiff incorporates by reference paragraphs 1 through 31 as if fully set forth here and further allege as follows:

33. The aforementioned actions and/or omissions of the defendants, and each of them, constituted a negligent infliction of emotional distress upon plaintiff.

### THIRD CAUSE OF ACTION (MALICIOUS PROSECUTION)

5

34. Plaintiff incorporates by reference paragraphs 1 through 33 as if fully set forth here and further alleges as follows:

35. . Defendants maliciously and without reason or probable cause filed, or caused the filing of charges against the Plaintiff in the City Court of the City of New York.

36. Plaintiff was eventually released.

37. In investigating and procuring the arrest of Plaintiff, said Defendants, by their agents, servants and/or employees acted maliciously, without reasonable or probable cause and with full knowledge that the charges made before the Court were false and untrue.

### FOURTH CAUSE OF ACTION (NEGLIGENCE)

38. Plaintiff incorporates by reference paragraphs 1 through 37 as if fully set forth here and further allege as follows:

39. Defendant City was careless in the hiring, training, supervision, discipline and control of individual defendants and others whose conduct is complained of herein.

40. Defendant City was careless in failing to have in place, policies, procedures, rules and regulations to prevent the type of violent, inappropriate conduct and in failing to terminate it swiftly, and in having policies which encouraged said conduct, and/or in failing to adhere to existing policies, procedures, rules and regulations.

41. Defendant City was negligent in employing and retaining brutal, dangerous, incompetent and vicious police officers, whom they knew or should have known were dangerous and a menace to the community, residents and in particular the plaintiff.

### FIFTH CAUSE OF ACTION (PRIMA FACIE TORT)

42. Plaintiff incorporates by reference paragraphs 1 through 41 as if fully set forth here and further allege as follows:

43. The actions of defendants were willful, without reasonable or probable cause and without legal or social justification.

44. The actions of defendants were performed with the deliberate intent of injuring plaintiff.

45. The actions of defendants constituted a prima facie tort upon plaintiff.

### AND AS FOR A SIXTH  CAUSE OF ACTION

46. Mr. Lazar repeats, realleges, and incorporates by reference the preceding paragraphs as though fully set forth herein.

47. Count One is brought pursuant to 42 U.S.C. § 1983 and the Fourth Amendment of the U.S. Constitution.

48. Defendants are "persons" under 42 U.S.C. § 1983 who acted "under the color of state law" and deprived Mr. Lazar of rights secured by the U.S. Constitution.

49. The Fourth Amendment protects "[t]he right of the people to be secure in their persons . . . against unreasonable…seizures…and no warrants shall issue, but on probable cause . . . ." U.S. CONST. amend. IV.

50. A § 1983 claim for false arrest is based upon the Fourth Amendment right to be free from unreasonable seizures.

51. As more fully detailed in the preceding paragraphs, on or about evening of February 28, 2021, at the NYPD, the Defendants, their agents, servants and employees wrongfully and falsely arrested, imprisoned and detained Plaintiff, Sorin Lazar, without any right or grounds

7

therefore and in violation of Plaintiff's rights under the U.S. Constitution.

52. As more fully detailed in the preceding paragraphs, Defendants intended to confine Plaintiff, evidenced from, *inter alia*, the fact that they unlawfully arrested and confined Plaintiff against his will.

53. As more fully detailed in the preceding paragraphs, on or about February 28, 2021, the Defendants wrongfully and falsely accused the Plaintiff, Sorin Lazar, of being involved in with trespassing and stolen property.

54. As detailed more fully in the preceding paragraphs, Plaintiff was conscious of and did not consent to the unlawful confinement.

55. That the said arrest and imprisonment was caused by the Defendants, their agents, servants and employees, without any warrant or other legal process and without authority of the law and without any reasonable cause or belief that the Plaintiff, Sorin Lazar, was in fact guilty of such crimes.

56. The Plaintiff's arrest and imprisonment were not justified by probable cause or other legal privilege; the Defendants, their agents, servants and employees, acting under the color of statute, ordinances, regulations, customs and usages of the City of New York, and under the authority of their office as police officers for said City, falsely charged the Plaintiff with the Penal Law violations although the Defendants, acting in such capacity, knew that such charges were false.

57. While the Plaintiff was so engaged, as aforesaid, the Defendants, their agents, servants and employees, wrongfully and unlawfully, against the Plaintiff's wish, without probable or reasonable cause, and on the sole charge, then made, that Plaintiff was one of the primary

perpetrators in the above charges, in that he was arrested and imprisoned and with full force of arms, they forcibly and violently seized, assaulted and laid hold of and compelled him to go with the said defendant police officers to then to be detained and imprisoned at the NYPD and continuing to other places and times, including, but not limited to a detention cell located at the Bronx County Criminal Court, upon information and belief where the Plaintiff was further detained and imprisoned until such time as he was to be arraigned.

58. That the Defendants, their agents, servants and employees acting within the scope of their employment, detained and imprisoned the Plaintiff even though the Defendants, their agents, servants and employees, had the opportunity to know or should have known, that the matters hereinbefore alleged, wrongfully, unlawfully and without a sufficient charge having been made against the Plaintiff, directed that the Plaintiff be searched and placed in confinement at said locations.

59. That the Plaintiff was wholly innocent of the said criminal charges and did not contribute in any way to the conduct of the Defendants, their agents, servants and employees and was forced by the Defendants to submit to the aforesaid arrest and imprisonment thereto entirely against his will.

60. That as a result of the aforesaid accusations made by the Defendants, their agents, servants and employees acting under their employment and within the scope of their authority, made falsely, publicly, wickedly and maliciously, the Plaintiff was compelled to appear before a Judge of the Bronx Criminal Court.

61. Defendant City of New York is liable for creating and/or maintaining a policy, practice, and/or custom of knowingly failing to check alibis, failing to properly investigate the

incident at issue, failing to obtain a warrant for Plaintiff's arrest, unlawfully arresting Plaintiff without probable cause, and failure to train and supervise the Defendant Nunezramos and any and all other police officers that participated in such conduct, created an environment that led to harassment, threats, and an assault on Mr. Lazar that resulted in significant harm to him. Such policy, practice, and/or custom caused the unconstitutional arrest and detention of Mr. Lazar at NYPD.

62. The Defendants, their agents, servants and employees permitted the use of policy and/or drafted policy that was violative of the constitutional rights of the above named Plaintiff; and, in that each and all of the acts of the Defendants, their agents, servants and employees alleged herein were done not as individuals but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the City of New York and under the authority of their office as police officers for said city and county.

63. The Defendant, City of New York, its agents, servants and employees failed to adequately and properly hire, retain, train, supervise, discipline or in any other way control the behavior and performance of Defendant Nunezramos, their agents, servants and employees; that in their hiring practices in the exercise of their police functions and their failure to enforce the laws of the City of New York and State of New York is evidence of the reckless lack of cautious regard for the rights of the public including Plaintiff; in that they exhibited a lack of degree of due care which prudent and reasonable individuals would show in executing the duties of the Defendants.

64. The failure of the Defendant, City of New York, their agents, servants and employees to hire, train, supervise, discipline or in any other way control Defendant Nunezramos, in the exercise of their functions; in that their failure to enforce the laws of the City of New York

10

and State of New York was and is carried out willfully, wantonly, maliciously and with such reckless disregard for the consequences so as to display a conscious disregard for the dangers of harm and injury to the citizens of the City of New York including Plaintiff.

65. Due to the acts of the Defendants, their agents, servants and employees herein, the failure of the City of New York to discipline and properly hire Defendant Nunezramos and the continued employment of Defendant Nunezramos presents a clear and present danger to the citizens of the City of New York.

66. Plaintiff did not commit any illegal act, either before or at the time he was falsely arrested and imprisoned, maliciously prosecuted and deprived of his constitutional rights as set forth in the Constitution of the United States, particularly 42 U.S.C. § 1983.

67. That at all times hereinafter mentioned, Defendant Nunezramos was employed in his respective capacity by the Defendant City of New York and was acting under the color of his official capacity and their acts were performed under the color of the policies, statute, ordinances, rules, and regulations of the City of New York.

68. That at all times hereinafter mentioned, Defendant Nunezramos was acting pursuant to order directives from defendant City of New York.

69. That during all times hereinafter mentioned, the defendant police officers and each of them, separately, and in concert acted under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of the City of New York and the defendants here, separately and in conceit, engaged in the illegal conduct here mentioned to the injury of the Plaintiff, Sorin Lazar, and deprived Plaintiff of the rights, privileges and immunities secured to plaintiff by the Fourth Amendment to the Constitution of the United States and the laws

11

of the United States.

70. The Police Officers of the Defendant City of New York and its individual members who are agents, servants and employees of defendants, together with persons unknown to Plaintiff, acting under color of law, have subjected Plaintiff and other persons to a pattern of conduct consisting of illegal harassment, false imprisonments and arrests and malicious prosecutions in denial of rights, privileges and immunities guaranteed Plaintiff, Sorin Lazar and other citizens by the Constitution of the United States.

71. This systematic pattern of conduct consists of a large number of individual acts of harassment, intimidation, false arrest and false imprisonment and malicious prosecution visited on Plaintiff, Sorin Lazar by members of the police department of Defendant City of New York, acting in concert with persons unknown to Plaintiff and under color of law and said acts, while carried out under color of law, have no justification or excuse in law and are instead illegal, improper and unrelated to any activity in which police officers may appropriately and legally engage in the course of protecting persons or property or ensuring civil order.

72. Although Defendants knew or should have known of the fact that this pattern of conduct was carried out by their agents, servants and employees, the Defendant City of New York has not taken any steps or made any efforts to halt this course of conduct, to make redress to the Plaintiff or other citizens injured thereby, or to take any disciplinary action whatever against any of their employees or agents.

73. That by reason of the aforesaid violations, false arrest and false imprisonment, caused by the Defendants, their agents, servants and employees who conspired together to enter into a nefarious scheme to wrongfully deprive the Plaintiff and compel him to abandon his rights

and privileges as provided him in the Constitution of the United States of America, and the laws thereto, the Defendants, their agents, servants and employees violated 42 U.S.C. § 1983, in that the Defendants, their agents, servants and employees acted as persons who under color of any statute, ordinance, regulation, custom or usage of the City of Mount Vernon, subjected or caused to be subjected, a citizen of the United States or other persons within the jurisdiction, particularly the Plaintiff, Sorin Lazar, thereof to be deprived of his rights, privileges or immunities received by the Constitution and laws of the United States of America; was subjected to great indignities and humiliation, and pain and distress of mind and body and was held up to scorn and ridicule, injured in his character and reputation, was prevented from attending his usual business and vocation and was injured in his reputation in the community and the acts aforementioned were committed with the aim of injuring and damaging Plaintiff.

74. That by reason of the false arrest, imprisonment and detention of the Plaintiff, and deprivation of his rights and liberties as guaranteed by the U.S Constitution, by the Defendants, their agents, servants and employees, acting within the scope of their authority, and without any probable or reasonable cause, Plaintiff was subjected to great indignities, humiliation and ridicule in being so detained, charged and prosecuted with various crimes, and greatly injured in his credit and circumstances and was then and there prevented and hindered from performing and transacting his necessary affairs and business, and he was caused to suffer much pain in both mind and body, the loss of employment and the loss of employment opportunities and among other things, he suffered conscious pain and suffering, and that he was otherwise damaged.

75. Plaintiff demands judgment on the first cause of action in an amount to be determined at trial, together with legal fees, applicable interest and costs.

## SEVENTH CLAIM FOR RELIEF - CONSPIRACY CAUSE OF ACTION AGAINST ALL DEFENDANTS

**(Claims of named plaintiff against all defendants for violating Plaintiff Constitutional Rights in violation of 42 U.S.C. §1985 and §1986)**

76. The allegations in paragraphs 1 through 75 above are incorporated herein as if fully set forth below.

77. Upon information and belief, Defendants have and continue to conspire with and amongst each other to deny plaintiff the rights, privileges and immunities, and the equal protection of the laws to which they are entitled under the constitution and laws of the United States in violation of 42 U.S.C. Section 1985.

78. As a direct result of this conspiracy, the defendants injured plaintiffs and deprived him of having and exercising their rights and privileges under the Constitution and laws of the United States.

79. The actions and omissions of Defendants described herein were willful and malicious. The purpose of the aforementioned conspiracy was to violate the civil rights of the plaintiffs and as such, violated 42 U.S.C. Section 1985.

80. All of the individual defendants, as public officials, had notice of the conspiracy set forth above, in violation of Section 1985 and failed

and refused to prevent, prohibit and ameliorate the aforementioned conspiracies notwithstanding their abilities to do so. Said failure and/or refusal to prevent, prohibit and/or ameliorate constituted a violation of 42 U.S.C. § 1986.

81. Private Defendants and State Defendants acted in concert with each other to violate Plaintiff's constitutional rights.

82. That by reason of the foregoing, defendants have implemented a conspiracy to deprive plaintiff of his constitutionally-protected property rights and right to free speech.

83. That by reason of the foregoing, plaintiff is entitled to damages, to be determined at trial, but believed to be not less than $1,000,000.00.

## EIGHTH CAUSE OF ACTION
**(Defamation – Defendant Aurora and Jewels)**

84. Plaintiff repeats and incorporates the allegations of the preceding paragraphs as if set forth at length herein.

85. After the aforementioned incident, Defendants caused to be published a newsletter stating that Mr. Lazar was a thief.

86. This statement of fact was false and was made with actual malice and with the intent to harm and damage Plaintiff.

87. The statement also damaged Plaintiff by ruining his good reputation with members of the industry and building community, thereby making it more difficult for Plaintiff to obtain new employment.

15

WHEREFORE, Plaintiff demands:

a) On the first cause of action, awarding damages in favor of Plaintiff and against Defendants, jointly and severally, in an amount to be determined at trial, together with legal fees, applicable interest and costs;

b) For compensatory damages for Plaintiff's emotional pain and suffering, in an amount to be proven at trial;

c) For punitive damages in an amount to be proven at trial;

d) An award of legal fees, applicable interest and costs;

e) Such other and further relief as the Court deems just and proper.

Dated: White Plains, New York
       February 27, 2021

                          Respectfully submitted,
                          THE LAW OFFICE OF
                          RICHARD ST. PAUL, ESQ., PLLC
                          Attorneys for Plaintiff Sorin Lazar

By: *Richard St. Paul*
                      Richard St. Paul, Esq. (RS 6388)
                      445 Hamilton Avenue, Suite 1102
                      White Plains, New York 10601
                      (914) 517-7568