

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**NICOLETTE PELLEGRINO**
*Assistant Corporation Counsel*
Phone: (212) 356-2338
Fax: (212) 356-3509
Email: npellegr@law.nyc.gov

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/19/21

May 18, 2021

VIA E.C.F.
Honorable Alison J. Nathan
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 11201

> The conference is adjourned to September 3, 2021 at 3:45 P.M.
>
> SO ORDERED.
> ALISON J. NATHAN, U.S.D.J.
> 5/19/21

**SO ORDERED.**

RE: Sorin Lazar v. City of New York, et al.,
21 Civ. 01748

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney representing defendant City of New York (hereinafter, the "City") in the above referenced matter. The City writes to respectfully request: (a) an adjournment of the May 21, 2021 Initial Pretrial Conference and associated deadlines to a date after August 8, 2021, *i.e.*, the date that the City and New York City Police Department ("NYPD") Officer Jasmine Nunezramos' (collectively, the "City Defendants") response to the Amended Complaint would be due; (b) a sixty-five day extension of time, from June 4, 2021, to August 8, 2021, for the City to answer or otherwise respond to the Amended Complaint; and (c) that the Court *sua sponte* grant a corresponding extension of time for the individual City defendant, Officer Nunezramos, to answer or otherwise respond to the Amended Complaint until August 8, 2021. Plaintiff consents to these requests.

      This is the City's first request for an extension of time to respond to the Amended Complaint and for an adjournment of the Initial Conference.

      By way of background, Plaintiff initiated this action on February 28, 2021, by filing the Complaint against the City Defendants, Cyrus Jewels, and The Aurora Condominium. (See Dkt. No. 1.)

      On March 9, 2021, the Court scheduled an initial conference for May 21, 2021, and directed the parties to submit a proposed case management plan and joint letter seven days before the conference, *i.e.*, on May 14, 2021. (See Dkt. No. 2.)

      On May 10, 2021, the Plaintiff filed the Amended Complaint and a request for the issuance of summonses. (See Dkt. Nos. 3-4.)

On May 12, 2021, electronic summonses were issued for the City, Officer Nunezramos, Cyris Jewels, and the Aurora Condominium. (See Dkt. No. 6.)

On May 14, 2021, the City was electronically served with a copy of the summons and Complaint, thereby making the Office of the Corporation Counsel ("this Office") aware of the instant proceeding for the first time.

There are several reasons for seeking an extension of time in this matter. First, in accordance with this Office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations set forth in the Amended Complaint. The requested enlargement of time will afford this Office an opportunity to gather the relevant documents and investigate this matter.

In addition, if documents related to Plaintiff's claims are sealed pursuant to the New York Criminal Procedure Law Section 160.50 ("§ 160.50"), the City cannot access such relevant records unless Plaintiff executes a § 160.50 Release. The City has requested a 160.50 Release from Plaintiff and anticipates the receipt of a duly executed release from Plaintiff. The requested extension of time will afford the City an opportunity to obtain an executed 160.50 Release from Plaintiff, gather the relevant documents, such as police paperwork, the criminal court file, and the district attorney's file, and further investigate this matter.

Furthermore, upon information and belief, the individually named City defendant, Officer Nunezramos, has not yet been served. If Officer Nunezramos is properly served, this Office must then determine, pursuant to Section 50-k of the New York General Municipal Law and based on a review of the case, whether it will represent her in this action. Officer Nunezramos must then decide whether she wishes to be represented by this Office. If so, this Office must obtain her written authorization. Only after this process has been followed can this Office determine how to proceed in this case. (See General Municipal Law § 50(k); see also Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985); see also Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (noting that the decision to bestow legal representation upon individual defendants is made by the Corporation Counsel as set forth in state law)).

Finally, as this Office has not discussed representation with Officer Nunezramos, the instant requests are not made on her behalf. Nevertheless, in the event that Officer Nunezramos is properly served, for the reasons detailed above, and in the interest of judicial economy, the City respectfully requests that the Court *sua sponte* afford Officer Nunezramos a corresponding extension of time to respond to the Amended Complaint to August 8, 2021.

Accordingly, the City respectfully requests: (a) an adjournment of the May 21, 2021 Initial Pretrial Conference and associated deadlines to a date after August 8, 2021, *i.e.*, the date that the City Defendants' response to the Amended Complaint would be due; (b) a sixty-five day extension of time, from June 4, 2021, to August 8, 2021, for the City to answer or otherwise respond to the Amended Complaint; and (c) that the Court *sua sponte* grant a corresponding extension of time for Officer Nunezramos to answer or otherwise respond to the Amended Complaint until August 8, 2021.

Counsel for the City and Plaintiff have conferred, and respectfully note that they are available to participate in an Initial Conference on September 10, 17, or 24.[1]

The City thanks the Court for its consideration.

Respectfully submitted,

/s/ *Nicolette Pellegrino*
Nicolette Pellegrino
*Assistant Corporation Counsel*
Special Federal Litigation Division

CC: VIA E.C.F.
Richard St. Paul, Esq.
*Attorney for Plaintiff*

---

[1] The City respectfully notes that there are no Friday afternoons in August 2021 that both counsel for the City and Plaintiff are available.