**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SORIN LAZAR, | Case No. 1:21-cv-01748 |
| Plaintiff, | |
| v. | |
| THE CITY OF NEW YORK, P.O. JASMINE NUNEZRAMOS, in her Official and individual capacity, CYRIS JEWELS, in his Official capacity as a Board Member of the Aurora Condominium and in his individual capacity and THE AURORA CONDOMINIUM, | ORAL ARGUMENT REQUESTED |
| Defendants. | |

---

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE FIRST, FIFTH, SIXTH, SEVENTH, EIGHTH, AND NINTH CAUSES OF ACTION OF THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)  ON BEHALF OF DEFENDANTS THE AURORA CONDOMINIUM AND CYRIS JEWELS**

---

**GORDON REES SCULLY MANSUKHANI, LLP**
Scott V. Heck, Esq.
Qing H. Guo, Esq.
1 Battery Park Plaza, 28th Floor
New York, NY 10004
Phone No.: (973) 549-2500
Fax No.: (973) 377-1911
sheck@grsm.com
qguo@grsm.com
*Attorneys for Defendants*
*Cyris Jewels and The Aurora Condominium*

## <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT ......................................................................................... 1

PROCEDURAL HISTORY ................................................................................................ 3

STATEMENT OF FACTS ................................................................................................. 4

      A.    Plaintiff Concedes that He Was No Longer an Employee of the Aurora Condominium at the Time of His Arrest. ........................................................... 4

LEGAL STANDARD ........................................................................................................ 5

LEGAL ARGUMENT ....................................................................................................... 7

POINT I  THE FIRST CAUSE OF ACTION IN THE FIRST AMENDED COMPLAINT MUST BE DISMISSED WITH RESPECT TO THE AURORA DEFENDANTS BECAUSE THEY DID NOT VIOLATE PLAINTIFF'S CONSTITUTIONAL RIGHTS. ......................................................................... 7

      A.    The Aurora Defendants Are Not State Actors nor Acting under Color of State Law. ......................................................................................................... 7

      B.    Once the Court Dismisses Plaintiff's 1983 Claims against the Aurora Defendants, the Court No Longer Has Original Jurisdiction over the Remaining State Law Claims................................................................................ 13

POINT II   THE BALANCE OF PLAINTIFF'S FIRST AMENDED COMPLAINT ALLEGING STATE LAW CLAIMS AGAINST THE AURORA DEFENDANTS MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM. ........................................................................................................ 14

      A.    Plaintiff's Negligence Claims (Fifth and Sixth Causes of Action) Premised on His Status as an Employee Must Be Dismissed Because Plaintiff Admits that His Employment Had Ended........................................................... 14

      B.    Plaintiff's NIED Claim against the Aurora Defendants (Seventh Cause of Action) Must Be Dismissed. ................................................................................ 15

      C.    Plaintiff's IIED Claim against the Aurora Defendants (Eighth and Ninth Causes of Action) Must Be Dismissed. ................................................................ 18

CONCLUSION.................................................................................................................. 20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abdullahi v. Pfizer, Inc.*,
  562 F.3d 163 (2d Cir. 2009) ................................................................. 6

*Acquista v. N.Y. Life Ins. Co.*,
  285 A.D.2d 73, 730 N.Y.S.2d 272 (1st Dep't 2001) ................................. 18

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................. 5, 6

*Baker v. Dorfman*,
  239 F.3d 415 (2d Cir. 2000) ................................................................. 16, 17

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................. 5

*Benavidez v. Gunnell*,
  722 F.2d 615 (10th Cir.1983) ................................................................. 10

*Bernard v. United States*,
  25 F.3d 98 (2d Cir.1994) ................................................................. 13

*Blum v. Yaretsky*,
  457 U.S. 991, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) ........................... 8

*Butler v. Goldblatt Bros., Inc.*,
  589 F.2d 323 (7th Cir.1978) ................................................................. 10

*Carnegie-Mellon Univ. v. Cohill*,
  484 U.S. 343 (1988) ................................................................. 13

*Carney v. Bos. Mkt.*,
  No. 18 Civ. 713, 2018 WL 6698444 (S.D.N.Y. Dec. 20, 2018) ............. 17, 18

*Chanko v. Am. Broadcasting Cos.*,
  27 N.Y.3d 46, 49 N.E.3d 1171 (2016) ................................................ 15, 16

*Chau v. Donovan*,
  357 F. Supp. 3d 276 (S.D.N.Y. 2019) ................................................. 17

*Ciambriello v. Cty. of Nassau*,
  292 F.3d 307 (2d Cir. 2002) ................................................................. 7, 8, 9

*Cohn–Frankel v. United Synagogue of Conservative Judaism*,
   246 A.D.2d 332, 667 N.Y.S.2d 360 (1st Dep't 1998)........................................... 18

*Colo. Capital Inves., Inc. v. Owens*,
   304 F. App'x 906 (2d Cir. 2008)..................................................................... 17

*Conboy v. AT&T Corp.*,
   241 F.3d 242 (2d Cir. 2001) .......................................................................... 18

*Dahlberg v. Becker*,
   748 F.2d 85 (2d Cir. 1984) ............................................................................. 9

*Dennis v. Sparks*,
   449 U.S. 24 (1980)......................................................................................... 8

*Dillon v. City of New York*,
   261 A.D.2d 34, 704 N.Y.S.2d 1 (1st Dep't 1999)............................................. 18

*Dowlah v. Dowlah*,
   2010 WL 889292 (E.D.N.Y. Mar. 10, 2010)..................................................... 8

*Fariello v. Rodriguez*,
   148 F.R.D. 670 (E.D.N.Y.1993)...................................................................... 8

*Federman v. Empire Fire & Marine Ins. Co.*,
   597 F.2d 798 (2d Cir. 1979) ......................................................................... 13

*Fisk v. Letterman*,
   401 F.Supp.2d 362 (S.D.N.Y.2005) ................................................................ 9

*Flagg Bros., Inc. v. Brooks*,
   436 U.S. 149 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)........................................ 10

*Gillard v. Gaffney*,
   2009 WL 2045151 (E.D.N.Y. Jul. 9, 2009)...................................................... 8

*Ginsberg v. Healey Car & Truck Leasing, Inc.*,
   189 F.3d 268 (2d Cir.1999) ...................................................................... 9, 10

*Goldstein v. Mass. Mut. Life Ins. Co.*,
   60 A.D.3d 506, 875 N.Y.S.2d 53 (1st Dep't 2009)........................................... 18

*Graham v. Select Portfolio Servicing, Inc.*,
   156 F.Supp.3d 491 (S.D.N.Y. 2016) ................................................................ 9

*Green v. City of Mount Vernon*,
   96 F. Supp. 3d 263 (S.D.N.Y. 2015) .............................................................. 15

*Howell v. N.Y. Post Co.*,
  81 N.Y.2d 115, 596 N.Y.S.2d 350, 612 N.E.2d 699 (1993)..............................15, 18

*Johnson v. State*,
  37 N.Y.2d 378, 372 N.Y.S.2d 638, 334 N.E.2d 590 (1975)......................................17

*Jones v. Maples/Trump*,
  98 Civ. 7132, 2002 WL 287752 (S.D.N.Y. Feb. 26, 2002)..............................10, 12

*Kraft v. City of New York*,
  696 F. Supp. 2d 403 (S.D.N.Y. 2010),
  aff'd, 441 Fed. Appx. 24 (2d Cir. 2011)..................................................................13

*Lando v. State of New York*,
  39 N.Y.2d 803, 385 N.Y.S.2d 759, 351 N.E.2d 426 (1976)......................................17

*Levine v. Sears Roebuck & Co.*,
  200 F.Supp.2d 180 (E.D.N.Y. 2002) .......................................................................14

*Lienau v. Garcia*,
  12–CV–6572, 2013 WL 6697834 (S.D.N.Y. Dec.19, 2013)........................................9

*Lugar v. Edmondson Oil Co.*,
  457 U.S. 922 (1982)..................................................................................................10

*Menaker v. Hofstra Univ.*,
  935 F.3d 20 (2d Cir. 2019) .........................................................................................6

*Mortise v. United States*,
  102 F.3d 693 (2d Cir. 1996) ................................................................................16, 17

*Murphy v. Am. Home Prods. Corp.*,
  58 N.Y.2d 293, 461 N.Y.S.2d 232, 448 N.E.2d 86 (1983).........................................15

*Ostrer v. Aronwald*,
  567 F.2d 551 (2d Cir.1977) .........................................................................................8

*Rivers v. Towers, Perrin, Forster & Crosby, Inc.*,
  No. CV–07–5441, 2009 WL 817852 (E.D.N.Y. March 27, 2009)..........................16

*Rodriguez v. Winsky*,
  973 F.Supp.2d 411 (S.D.N.Y. 2013) .........................................................................9

*Scotto v. Almenas*,
  143 F.3d 105 (2d Cir.1998) .........................................................................................8

*Serbalik v. Gray*,
  27 F.Supp.2d 127 (N.D.N.Y .1998)............................................................................9

iv

*Spear v. Town of West Hartford,*
  954 F.2d 63 (2d Cir.1992) ................................................................. 7

*Stewart v. Victoria's Secret Stores, LLC,*
  851 F. Supp. 2d 442 (E.D.N.Y. 2012) ............................................... 10

*Studifin v. New York City Police Dep't,*
  728 F.Supp. 990 (S.D.N.Y. 1990) ..................................................... 11

*Truman v. Brown,*
  434 F. Supp. 3d 100 (S.D.N.Y. 2020 .................................................. 15

*U.S. Bank Nat. Ass'n v. Ables & Hall Builders,*
  582 F. Supp. 2d 605 (S.D.N.Y. 2008) ................................................. 6

*United Mine Workers v. Gibbs,*
  383 U.S. 715 (1966) ......................................................................... 13

*United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.,*
  941 F.2d 1292 (2d Cir. 1991) ............................................................. 7

*Vail v. City of New York,*
  No. 18-Cv-9169, 2020 WL 127639 (S.D.N.Y. Jan 10, 2020) ............... 19

*Valencia ex rel. Franco v. Lee,*
  316 F.3d 299 (2d Cir. 2003) .............................................................. 13

*Vazquez v. Combs,*
  04–CV–4189, 2004 WL 2404224 (S.D.N.Y. Oct. 22, 2004) .............. 9, 12

*Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.,*
  517 F.3d 104 (2d Cir. 2008) ............................................................... 6

*West v. Atkins,*
  487 U.S. 42 (1988) ............................................................................ 7

*Weyant v. Okst,*
  101 F.3d 845 (2d Cir.1996) .............................................................. 13

**Statutes**

28 U.S.C. § 1367(c) ........................................................................ 2, 13

42 U.S.C. § 1983 ................................................................ 1, 2, 7, 8, 9, 10

USCA § 1983 ....................................................................................... 3

**Rules**

Fed. R. Civ. P. 12 ................................................................................................ 3, 5, 11, 14, 19, 20

Fed. R. Civ. P. 8 .............................................................................................................................. 5

## PRELIMINARY STATEMENT

Plaintiff Sorin Lazar ("Lazar" or "Plaintiff") brings this lawsuit under 42 U.S.C. § 1983 against private individuals (i) his former employer, a condominium association and (ii) one of its board members as well as the City of New York and one of its police officers.   Plaintiff utilizes a kitchen sink approach in his pleading as well as his amended pleading and asserts various state law negligence and emotional distress claims against the defendants in addition to the 42 U.S.C. §1983 claims. Defendants, the Aurora Condominium and its board member Cyris Jewels ("Jewels") (collectively, the "Aurora Defendants) file this motion as to *all claims* filed against them and urge that dismissal of this lawsuit against the Aurora Defendants is necessary based on settled federal and state law.

This action arises out of plaintiff's conduct, post-termination of his at will employment, at the Aurora Condominium. Although plaintiff's employment status concluded with the Aurora Defendants on January 28, 2020, he was permitted to remain in his employment-provided housing to this day based on a variety of COVID-19 related restrictions for lawful eviction proceedings.  Plaintiff conveniently leaves out the salient fact that he was permitted access to only his apartment unit and the common areas of the Aurora Condominium after his at-will employment termination.

On February 28, 2020, the Aurora Defendants discovered that plaintiff had gained access to a locked storage room in the condominium.  Based on the Aurora Defendants' belief that plaintiff's access was improper and illegal, the Aurora Defendants notified the police and plaintiff was arrested. Subsequently, a statement was provided on behalf of Aurora Condominium to defendants City of New York and Police Office Jasmine Nunezramos ("P.O. Nunezramos") (collectively, the "City Defendants"). Plaintiff asserts that he informed the City

Defendants that he was authorized to access the storage unit and that he was removing his own belongings. According to the First Amended Complaint, despite plaintiff's statement, the City Defendants arrested him anyway.

Plaintiff's allegation against the Aurora Defendants under 42 U.S.C. § 1983 for conspiracy with the City Defendants is premised on the alleged February 28, 2020 false arrest. However, to sustain a 42 U.S.C. § 1983 action against a private citizen, plaintiff must establish that the Aurora Defendants are either state actors or acting under color of state law – neither of which are satisfied in this case. Moreover, even if plaintiff can establish this critical element, dismissal is required where the private actor simply provided information to a police officer—even if that information is false or results in the officer taking affirmative action. Significantly, probable cause to arrest is a complete defense to an action for false arrest, even where an individual is ultimately acquitted, because it constitutes justification for the arrest. Indeed, case law in this jurisdiction mandates the dismissal of the constitutional claims against the Aurora Defendants.

Plaintiff's status as a former employee is significant to this lawsuit because that is the basis upon which plaintiff asserts his additional state law claims of negligence, negligent infliction of emotional distress ("NIED") and intentional infliction of emotional distress ("IIED"). Plaintiff claims that the duty owed to him by the Aurora Defendants is that of an employee under like circumstances.  That assertion is readily belied by plaintiff's own admission that he was terminated on January 28, 2020.  Thus, the Aurora Defendants do not owe him a duty as an employee.  Plaintiff, likewise, cannot satisfy the balance of the elements for these state law claims, of which the Court should decline supplemental jurisdiction, in accordance with 28 U.S.C. § 1367(c).

The pending Complaint against the Aurora Condominium and Cyris Jewels must be dismissed with prejudice for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).

## PROCEDURAL HISTORY

On February 28, 2021, plaintiff filed a Complaint against the City Defendants and the Aurora Defendants in the United States District Court for the Southern District of New York, alleging violations of the United States Constitution, the Civil Rights Act, and USCA § 1983, *inter alia*.  (ECF No. 1). On May 12, 2021, plaintiff filed a First Amended Complaint. (ECF No. 6). On May 18, 2021, the City Defendants filed a letter motion requesting an extension of time to file responsive pleading and/or reply to the Amended Complaint. (ECF No. 9).  On May 19, 2021, the Hon. Alison J. Nathan, granted the City Defendants' motion. (ECF No. 10).  On July 1, 2021, the Aurora Defendants filed a proposed consent order for an extension of time to answer or otherwise move (ECF No. 13), which consent order was entered by Judge Nathan on July 6, 2021, to extend the time through August 8, 2021.[1]  (ECF No. 14).

---

[1] August 8, 2021 is a Sunday.

## STATEMENT OF FACTS[2]

**A.**   **Plaintiff Concedes that He Was No Longer an Employee of the Aurora Condominium at the Time of His Arrest.**

According to the First Amended Complaint, the relevant facts with respect to this Motion to Dismiss the First Amended Complaint, are as follows.  Plaintiff was hired as a superintendent of the Aurora Condominium in or about January 2013. (ECF No. 6, ¶ 12). In or about 2017, the managing agent of the Aurora Condominium allowed Plaintiff to "store some his personal effects in an unused storage room." (*Id.*, ¶ 13). Plaintiff's employment with the Aurora Condominium concluded when he was terminated on January 28, 2020. (*Id.*, ¶ 13). "Upon his termination, Plaintiff was told he has to move out of his unit at the Aurora Condominium by the end of February 2020."[3] (*Id.*).

Plaintiff claims that on or about February 28, 2020, he went to his assigned storage unit, e.g. the unused storage room, to remove his personal effects. (*Id.*, ¶ 15). Subsequently, he was arrested by the P.O. Nunezramos. (*Id.*, ¶ 16). Plaintiff asserts that "[a]fter his arrest," he gave a statement to a New York City Police Department officer, that he was removing his personal items from his storage unit. (*Id.*, ¶ 18).   Plaintiff alleges that Mr. Jewels "fraudulently, falsely, and with malicious intent filed a false report with the NYPD stating that Mr. Lazar stole property belonging to The Aurora Condominium.  The NYPD was advised, *inter alia,* that plaintiff used a

---

[2] The factual allegations contained in Plaintiff's First Amended Complaint are presumed to be true only for the purpose of this Motion. Although the Aurora Defendants disagree with Plaintiff's characterizations of the facts as pled in the First Amended Complaint – specifically that it was Cyris Jewels who acted on behalf of the Aurora Condominium, for the purposes of this Motion, the Aurora Defendants acknowledge that the Court must accept the factual allegations as true and has accordingly summarized the pertinent allegations herein. The Aurora Defendants reserve the right to challenge the veracity of plaintiff's allegations and specifically deny any liability.

[3] Although not entirely clear from Plaintiff's First Amended Complaint, Plaintiff had an apartment unit onsite.

set of keys to enter a locked supply closet and removed two security monitors and one drill and impact driver set." (*Id.*, ¶ 19)

Plaintiff maintains that "[c]ontrary to Defendant Jewels misrepresentations, Plaintiff did not steal these items" (*id.*, ¶ 13), and that, "[d]espite Defendants being made aware that Plaintiff was removing his personal effects from his storage unit, Defendants continued and elected to prosecute Mr. Lazar." (*Id.*, ¶ 22). Plaintiff was charged with petit larceny, criminal possession of stolen property and criminal trespass. (*Id.*, ¶ 23).

On February 28, 2021, plaintiff filed a Complaint against the City Defendants and the Aurora Defendants. (ECF No. 1). On May 12, 2021, plaintiff filed a First Amended Complaint, asserting violations of his constitutional rights and various state law claims against the Aurora Defendants. (ECF No. 6).

## LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570. That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' ... it asks for

more than a sheer possibility." *Iqbal*, 556 U.S. at 678. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Menaker v. Hofstra Univ.*, 935 F.3d 20, 30 (2d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted)).

As the Supreme Court instructed in *Iqbal*, where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged but it has not shown that the pleader is entitled to relief. 556 U.S. at 665. This plausibility determination is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* A complaint must do more than allege a plaintiff's entitlement to relief – it must show such an entitlement with its facts. *Abdullahi v. Pfizer, Inc.*, 562 F.3d 163, 169 (2d Cir. 2009); *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008); *U.S. Bank Nat. Ass'n v. Ables & Hall Builders*, 582 F. Supp. 2d 605, 606 (S.D.N.Y. 2008).

In the matter at bar, dismissal of the First Amended Complaint is warranted based on plaintiff's failure to establish that the Aurora Defendants violated any of plaintiff's constitutional or any of his state law claims.

## LEGAL ARGUMENT

### POINT I

### THE FIRST CAUSE OF ACTION IN THE FIRST AMENDED COMPLAINT MUST BE DISMISSED WITH RESPECT TO THE AURORA DEFENDANTS BECAUSE THEY DID NOT VIOLATE PLAINTIFF'S CONSTITUTIONAL RIGHTS.

The First Amended Complaint must be dismissed with prejudice because plaintiff fails to establish that the Aurora Defendants violated any of his constitutional rights, as set forth in his First Amended Complaint.

**A. The Aurora Defendants Are Not State Actors nor Acting under Color of State Law.**

The Aurora Defendants are neither state actors nor did they act under color of law when the City Defendants found probable cause for plaintiff's arrest on February 28, 2020. 42 U.S.C. § 1983 creates a federal cause of action for a person who has been deprived of any federal right, privilege, or immunity by a person acting "under color of any statute, ordinance, regulation, custom, or usage of any State." The United States Supreme Court espoused that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) (for a §1983 claim "a plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law.") (*Citing Spear v. Town of West Hartford,* 954 F.2d 63, 68 (2d Cir.1992)). "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'" *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 941 F.2d 1292, 1295–96 (2d Cir. 1991) (*citing Blum v.*

*Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982)).

Since a 42 U.S.C. § 1983 action requires that the defendant act under color of state law, private persons, such as the Aurora Defendants, can only be subject to § 1983 liability if the plaintiff establishes that the defendants were "jointly engaged with state officials in the challenged action" to maintain his 1983 claims against the Aurora Defendants. *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir.1998) (quoting *Dennis v. Sparks,* 449 U.S. 24, 27–28 (1980)). To adequately plead that the private parties were acting under color of state law, a plaintiff must make sufficient factual allegations that tend to show a conspiracy between the private party and the police to deny plaintiff a federal right. *Ciambriello*, 292 F.3d at 324 (2d Cir.2002) ("To state a claim against a private entity on a section 1983 conspiracy theory, the complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act.") (Internal quotation marks omitted). However, generalized or conclusory allegations of joint actions or conspiracies are insufficient to sustain a § 1983 claim, and complaints that lack further factual specificity or "specific instances of misconduct" are subject to dismissal. *Ostrer v. Aronwald,* 567 F.2d 551, 553 (2d Cir.1977). *See also Dowlah v. Dowlah*, 2010 WL 889292, at *8 (E.D.N.Y. Mar. 10, 2010) (plaintiff presented only bald assertions and conclusory allegations of conspiracy, but did not allege a close nexus, joint engagement, or unlawful agreement to form a conspiracy between the individual defendant and the state actor). Allegations of conspiracy must "allege with at least some degree of particularity overt acts which defendants engaged in which were reasonably related to the promotion of the alleged conspiracy." *Fariello v. Rodriguez*, 148 F.R.D. 670, 677 (E.D.N.Y.1993) (citations omitted), *aff'd*, 22 F.3d 1090 (2d Cir.1994); *see also Gillard v. Gaffney*, 2009 WL 2045151, at *4 (E.D.N.Y. Jul. 9, 2009) ("'Diffuse and expansive

allegations are insufficient' to sustain a conspiracy claim, 'unless amplified by specific instances of misconduct'") (quoting *Ciambriello*, 292 F.3d at 325).

"Case law in this Circuit is well-established that the provision of information to a police officer—even if that information is false or results in the officer taking affirmative action—is insufficient to constitute 'joint action' with state actors for purposes of § 1983." *Lienau v. Garcia,* 12–CV–6572, 2013 WL 6697834, at *6 (S.D.N.Y. Dec.19, 2013); *Ginsberg v. Healey Car & Truck Leasing, Inc.,* 189 F.3d 268, 272 (2d Cir.1999) (the "provision of background information to a police officer does not by itself make [a defendant] a joint participant in state action under Section 1983"); *Serbalik v. Gray*, 27 F.Supp.2d 127, 131–32 (N.D.N.Y .1998) ("[A] private party does not act under color of state law when she merely elicits but does not join in an exercise of official state authority.")

Similarly, "a private party who calls the police for assistance does not become a state actor unless the police were influenced in their choice of procedure or were under the control of the private party." *Fisk v. Letterman,* 401 F.Supp.2d 362, 377 (S.D.N.Y.2005)  *Graham v. Select Portfolio Servicing, Inc.*, 156 F.Supp.3d 491, 516 (S.D.N.Y. 2016) ("[t]he fact that a private entity uses the state courts does not transform the private party into a state actor"); *Rodriguez v. Winsky,* 973 F.Supp.2d 411, 422 (S.D.N.Y. 2013) ("summoning police ... simply does not suffice to constitute joint action or to convert the private party into a state actor"); *Dahlberg v. Becker,* 748 F.2d 85, 93 (2d Cir. 1984) (holding that defendants' invocation of New York courts to issue a contempt order "does not constitute joint participation so as to satisfy the statutory requirement under § 1983 that there be a state actor"); *Vazquez v. Combs*, 04–CV–4189, 2004 WL 2404224, at *4 (S.D.N.Y. Oct. 22, 2004) ("merely filing a complaint with the police, reporting a crime, requesting criminal investigation of a person, or seeking a restraining order, even if the

9

complaint or report is deliberately false, does not give rise to a claim against the complainant for a civil rights violation"); *Jones v. Maples/Trump,* 98 Civ. 7132, 2002 WL 287752, at \*5 (S.D.N.Y. Feb. 26, 2002) ("providing false information to an arresting officer is not, by itself, sufficient to state a claim against [a] private party under § 1983.").

This is consistent with the United States Supreme Court and other federal circuits. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 n. 21 (1982) (pursuing legal process against another private person does not constitute a conspiracy or joint action with state officials so as to satisfy the 1983 requirement that the action be "under color of state law"). *Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir.1983) ("The mere furnishing of information to police officers does not constitute joint action under color of state law which renders a private citizen liable under § [] 1983...."); *Butler v. Goldblatt Bros., Inc.*, 589 F.2d 323, 327 (7th Cir.1978) (granting summary judgment to private defendant on Section 1983 claim because defendant "did [nothing] more than supply information to police officers who then acted on their own initiative in arresting [plaintiff]"). The Supreme Court "has never held that a State's mere acquiescence in a private action converts that action into that of the State." *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 164, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978).

Indeed, a "private party supplying information or seeking police assistance does not become a state actor ... unless the police officers were improperly influenced or controlled by the private party." *Stewart*, 851 F.Supp.2d at 446 (internal citations and quotations omitted). In such cases, however, "facts showing concerted action must be alleged, even at the pleading stage, to avoid dismissal." *Id.* Thus, "Section 1983 does not impose civil liability on persons who merely stand to benefit from an assertion of authority under color of law, but only on those who act under color of law." *Ginsberg*, 189 F.3d at 273 (finding no state action where a car rental

company employee did not ask a police officer to cease attempting to induce a customer to pay for a rental, because there was no evidence of a plan, prearrangement, or conspiracy between the employee and the officer).

Here, even read liberally, the First Amended Complaint fails to set forth any facts to suggest the Aurora Defendants improperly influenced or controlled the City Defendants, or that they shared a common goal, or any evidence of a plan, prearrangement, or conspiracy to violate plaintiffs' rights or acted in concert with the City Defendants to deprive plaintiff of his civil rights.  Indeed, the First Amended Complaint contains no specific factual allegations that suggest any agreement or joint action between the City Defendants and the private defendants to violate plaintiff's rights. Instead, the First Amended Complaint merely alleges that the Aurora Defendants "conspired to wrongfully and falsely subject Plaintiff, Sorin Lazar to arrest and imprisonment" (ECF No. 6, ¶ 32) and that "Defendant Cyris Jewels fraudulently, falsely, and with malicious intent file a false report with the NYPD stating that Mr. Lazar stole property belonging to the Aurora Condominium [by] stating … that Plaintiff used a set of keys to enter a locked supply closet and removed two security monitors and one drill and impact driver set," (*id*., ¶ 19) the Amended Complaint is devoid of any "supporting operative facts tending to show agreement and concerted action between the private party and the state actors." *Studifin v. New York City Police Dep't*, 728 F.Supp. 990, 993 (S.D.N.Y. 1990).

The core of plaintiff's allegations against the Aurora Defendants, read in the light most favorable to him under the Fed. R. Civ. P. 12(b)(6) standard, is that the Aurora Defendants falsely reported plaintiff to the police for stealing property belonging to the Aurora Condominium.  Moreover, plaintiff does not allege any facts suggesting that Aurora Defendants exercised control or undue influence over the City Defendants.

To the contrary, plaintiff's allegations establish that the Aurora Defendants reported certain incidents regarding plaintiff to the City Defendants, and that the City Defendants exercised independent judgment in arresting Plaintiff.  Although plaintiff alleges that the Aurora Defendants complaints to the police were fabricated, he does not allege that the City Defendants actually *knew* that the Aurora Defendants' allegations were false or that the Aurora Defendants ever indicated to the City Defendants that they was making such allegations in order to gain leverage somehow against plaintiff. Plaintiff's general allegation that the City Defendants *should* have known that the Aurora Defendants' allegations were false because after his arrest, plaintiff "gave a statement to an agent of the New York City Police department in which he told the officer he was removing his personal items from his storage unit" (ECF No. 6, ¶ 18), and that "[d]espite Defendants being made aware that Plaintiff was removing his personal effects from his storage unit, Defendants continued and elected to prosecute" him (*id.*, ¶ 22), is insufficient to state a claim that the Aurora Defendants and the City Defendants acted pursuant to a deliberate, previously-agreed upon plan to violate plaintiff's constitutional rights. Case law is clear that the actions of the Aurora Defendants in filing a complaint with the police, reporting a crime, or requesting criminal investigation of a person, even if the complaint or report is deliberately false, does not give rise to a claim against the complainant for a constitutional deprivation of rights violation. *See Vazquez*, 2004 WL 2404224 at *4; *Jones v. Maples/Trump,* 2002 WL 287752 at *5.

Plaintiff fails to allege any facts suggesting that the Aurora Defendants did, in fact, directly engage with the City Defendants or take an active role in the arrest of plaintiff. Moreover, probable cause to arrest is a complete defense to an action for false arrest, even where a person is ultimately acquitted, because it constitutes justification. *See Kraft v. City of New*

*York,* 696 F. Supp. 2d 403, 418 (S.D.N.Y. 2010), aff'd, 441 Fed. Appx. 24 (2d Cir. 2011) (citing *Weyant v. Okst,* 101 F.3d 845, 852 (2d Cir.1996)); *Bernard v. United States,* 25 F.3d 98, 102 (2d Cir.1994).

Based on plaintiff's First Cause of Action of the First Amended Complaint against the Aurora Defendants must be dismissed as a matter of law.

**B. Once the Court Dismisses Plaintiff's 1983 Claims against the Aurora Defendants, the Court No Longer Has Original Jurisdiction over the Remaining State Law Claims.**

The Court's decision in favor of the Aurora Defendants with respect to First Cause of Action will render this Court without original jurisdiction over the remaining state law claims contained in the Amended Complaint. Although district courts have supplemental jurisdiction over all state law claims that are so related to federal claims over which the courts exercise original jurisdiction that they form part of the same case or controversy under Article III of the Constitution, 28 U.S.C. § 1367(a), a district court may decline to exercise supplemental jurisdiction over state law claims if the Court has dismissed all the claims over which it has original jurisdiction. 28 U.S.C. § 1367(c); *see also Federman v. Empire Fire & Marine Ins. Co.*, 597 F.2d 798, 809 (2d Cir. 1979). The Second Circuit has instructed, in most cases where all federal claims have been dismissed before trial, "the balance of factors to be considered under the [supplemental] jurisdiction doctrine—judicial economy, convenience, fairness, and comity— will point toward declining to exercise jurisdiction over the remaining state-law claims." *Valencia ex rel. Franco v. Lee,* 316 F.3d 299, 305 (2d Cir. 2003) (quoting *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n.7 (1988)); see also *United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966) ("[I]f the federal law claims are dismissed before trial ... the state claims should be dismissed as well."). If the Court dismisses plaintiff's federal claim, it is appropriate to decline supplemental jurisdiction and dismiss plaintiff's state law claims.

13

## POINT II

### THE BALANCE OF PLAINTIFF'S FIRST AMENDED COMPLAINT ALLEGING STATE LAW CLAIMS AGAINST THE AURORA DEFENDANTS MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM.

If the Court is inclined to review plaintiff's state law claims, these claims are likewise subject to dismissal as a matter of law under Fed. R. Civ. P. 12(b) (6). Indeed, the balance of plaintiff's claims against the Aurora Defendants for negligence, intentional and negligent infliction of emotional distress must be dismissed under existing New York law.

### A. Plaintiff's Negligence Claims (Fifth and Sixth Causes of Action) Premised on His Status as an Employee Must Be Dismissed Because Plaintiff Admits that His Employment Had Ended.

Plaintiff's allegation of negligence against the Aurora Defendants must be dismissed as a matter of law because he fails to establish the requisite elements to sustain this claim. To state a cause of action under a negligence theory, "a plaintiff must show [1] that the defendant had a duty of care to act reasonably to protect against foreseeable risks, [2] that the defendant breached that duty of care, and [3] that plaintiff's injuries were the proximate cause of the breach." *Levine v. Sears Roebuck & Co.*, 200 F.Supp.2d 180, 186 (E.D.N.Y. 2002).

Plaintiff's negligence claim is premised on his status as an employee of the Aurora Condominium. Plaintiff asserts the Aurora Defendants "had an independent duty to ensure that that the board's agreements, policies, procedures and rules were performed in accordance with the standard of care usually exercised by professionals under similar conditions and like-surrounding circumstances, including, but not limited to, a duty to ensure that an employee (Plaintiff) would not be subject to harassment, false statements, false accusations and filing of false police reports." (ECF No. 6, ¶¶ 83, 92). Notably, plaintiff concedes that he was terminated from his employment on January 28, 2020. (*Id.*, ¶ 13). Thus, his theory that the Aurora

14

Defendants owed him a duty as an employee cannot be satisfied here. Without establishing a duty of care, the Aurora Defendants cannot breach a non-existent duty, nor can plaintiff show that there is a proximate cause between his alleged injuries and the illusory breach. Accordingly, plaintiff's negligence claim fails as a matter of law and the Fifth and Sixth Causes of Action must be dismissed.

**B.  Plaintiff's NIED Claim against the Aurora Defendants (Seventh Cause of Action) Must Be Dismissed.**

Plaintiff fails to establish a NIED claim against the Aurora Defendants.  Under New York law, a plaintiff alleging NIED must show "(1) extreme and outrageous conduct, (2) a causal connection between the conduct and the injury, and (3) severe emotional distress." *Green v. City of Mount Vernon,* 96 F. Supp. 3d 263, 297 (S.D.N.Y. 2015) (citation omitted). Whether the alleged conduct is sufficiently outrageous to satisfy the first element is a matter of law for a court to decide. *Howell v. N.Y. Post Co.,* 81 N.Y.2d 115, 121, 596 N.Y.S.2d 350, 612 N.E.2d 699 (1993). "The New York Court of Appeals has held that these requirements, especially that of extreme and outrageous conduct, 'are rigorous and difficult to satisfy.'"  *Truman v. Brown*, 434 F. Supp. 3d 100, 117 (S.D.N.Y. 2020); (quoting *Howell,* 81 N.Y.2d at 122, 596 N.Y.S.2d 350, 612 N.E.2d 699); *see also Murphy v. Am. Home Prods. Corp.*, 58 N.Y.2d 293, 303, 461 N.Y.S.2d 232, 448 N.E.2d 86 (1983) (describing IIED as a "strict standard"). "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Chanko v. Am. Broadcasting Cos.*, 27 N.Y.3d 46, 56, 49 N.E.3d 1171 (2016) (quoting *Howell*, 81 N.Y.2d at 121, 596 N.Y.S.2d 350, 612 N.E.2d 699).

Plaintiff's allegations are insufficient to state a claim that Jewels engaged in extreme and outrageous conduct when the Aurora Defendants filed a report with law enforcement officials. *See Rivers v. Towers, Perrin, Forster & Crosby, Inc.,* No. CV–07–5441, 2009 WL 817852, at *3 (E.D.N.Y. March 27, 2009) (generally, "allegations of providing false information to the police ... do not suffice" for an IIED claim absent additional outrageous behavior.)  Plaintiff asserts that the Aurora Defendants falsely accused him of stealing property at the Aurora Condominium, published a newsletter that claimed plaintiff was a thief, making false statements and filing a false police report with the City Defendants. (ECF No. 6, ¶ 108). These claims falls far from the standard of extreme and outrageous behavior required for a claim for IIED under New York law. Plaintiff's conclusory statements, without any well-pleaded facts, fail to establish that the Aurora Defendants engaged in extreme and outrageous conduct that goes "beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Chanko*, 27 N.Y.3d at 56.

Plaintiff's NIED claim is deficient for a second reason. Under the case law, there are limited recognized contexts in which a claim of NIED may be viable. A plaintiff must plead, in addition to the elements above, facts making out one of three theories: (1) a bystander theory, (2) a direct duty theory, or (3) a special *123 circumstances theory. *See Baker v. Dorfman*, 239 F.3d 415, 421 (2d Cir. 2000). Plaintiff's First Amended Complaint pleads none.

Under the bystander theory, a plaintiff must allege that "(1) she [was] threatened with physical harm as a result of defendant's negligence; and (2) consequently she suffer[ed] emotional injury from witnessing the death or serious bodily injury of a member of her immediate family." *Mortise v. United States,* 102 F.3d 693, 696 (2d Cir. 1996); *see also Baker,* 239 F.3d at 421. The bystander theory has no application here, where plaintiff's First Amended

Complaint does not allege the death of or serious bodily injury to one of plaintiff's family members. *See Carney v. Bos. Mkt.,* No. 18 Civ. 713, 2018 WL 6698444, at *4 (S.D.N.Y. Dec. 20, 2018).

Under the direct duty theory, a plaintiff must allege that "she suffer[ed] an emotional injury from defendant's breach of a duty which unreasonably endangered her own physical safety." *Mortise*, 102 F.3d at 696. This duty "must be specific to the plaintiff, and not some amorphous, free-floating duty to society." *Id.* The direct duty theory also requires "an objective inquiry turning on whether a plaintiff's physical safety was actually endangered, not a subjective evaluation dependent on the plaintiff's state of mind." *Carney*, 2018 WL 6698444, at *3. The First Amended Complaint, however, does not allege that the Aurora Defendants had a specific duty to plaintiff, or that the Aurora Defendants unreasonably endangered plaintiff's physical safety. *See Baker,* 239 F.3d at 421; *Chau v. Donovan,* 357 F. Supp. 3d 276, 289 (S.D.N.Y. 2019).

New York recognizes specific "special circumstances" cases for NIED where there is "an especial likelihood of genuine and serious mental distress, arising from ... special circumstances, which serves as a guarantee that the claim is not spurious." *Baker*, 239 F.3d at 421 (quoting *Johnson v. State,* 37 N.Y.2d 378, 382, 372 N.Y.S.2d 638, 334 N.E.2d 590 (1975)); s*ee also Colo. Capital Inves., Inc. v. Owens*, 304 F. App'x 906, 908 (2d Cir. 2008). Examples include a hospital negligently informing an individual that her parent had died, *see Johnson,* 37 N.Y.2d at 383, 372 N.Y.S.2d 638, 334 N.E.2d 590; a negligent misdiagnosis of HIV, Baker, 239 F.3d at 422; and the mishandling of a loved one's remains, *see Lando v. State of New York,* 39 N.Y.2d 803, 804–05, 385 N.Y.S.2d 759, 351 N.E.2d 426 (1976). Plaintiff's First Amended Complaint, alleging that the Aurora Defendants accused plaintiff of stealing property, publishing a newsletter, making

false statements to the police, and filing a police report falls outside the limited contexts in which "special circumstances" have been recognized. S*ee Carney,* 2018 WL 6698444, at *4.

Based on plaintiff's inability to establish his NIED claims against the Aurora Defendants, his Seventh Cause of Action must be dismissed as a matter of law with respect to the Aurora Defendants.

## C. Plaintiff's IIED Claim against the Aurora Defendants (Eighth and Ninth Causes of Action) Must Be Dismissed.

Plaintiff's intentional infliction of emotional distress claim against the Aurora Defendants must be dismissed. Under New York law, an IIED claim requires a showing of "(1) extreme and outrageous conduct; (2) intent to cause, or reckless disregard of a substantial probability of causing, severe emotional distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress." *Conboy v. AT&T Corp.*, 241 F.3d 242, 258 (2d Cir. 2001). As to the first element, New York courts use the same standard in evaluating extreme and outrageous conduct in both IIED and NIED claims. *See Dillon v. City of New York,* 261 A.D.2d 34, 704 N.Y.S.2d 1, 7 (1st Dep't 1999); *see also Acquista v. N.Y. Life Ins. Co.,* 285 A.D.2d 73, 730 N.Y.S.2d 272, 279 (1st Dep't 2001). "Courts are reluctant to allow recovery under the banner of intentional infliction of emotional distress absent a deliberate and malicious campaign of harassment or intimidation." *Cohn–Frankel v. United Synagogue of Conservative Judaism*, 246 A.D.2d 332, 667 N.Y.S.2d 360, 362 (1st Dep't 1998). Hence, as for IIED, a plaintiff must allege conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Goldstein v. Mass. Mut. Life Ins. Co.*, 60 A.D.3d 506, 875 N.Y.S.2d 53, 55 (1st Dep't 2009) (quoting *Howell*, 81 N.Y.2d at 122, 596 N.Y.S.2d 350, 612 N.E.2d 699).

The conduct on the part of the Aurora Defendants that forms the basis of plaintiff's NIED claim is the same as formed the basis for his IIED claim. As such, for the same reasons that plaintiff's claim of NIED fail to allege extreme and outrageous conduct, his claim of IIED similarly fails.  *See Vail v. City of New York,* No. 18-Cv-9169, 2020 WL 127639, at *4 (S.D.N.Y. Jan 10, 2020). Accordingly, plaintiff's Eighth and Ninth Causes of Action must be dismissed under Fed. R. Civ. P. 12(b) (6) for failure to state a claim upon which relief may be granted.

## CONCLUSION

Based on the foregoing and on plaintiff's inability to satisfy and sustain any of his causes of action against the Aurora Defendants, both the Aurora Condominium and Cyris Jewels respectfully request that the Court grant the Motion to Dismiss the First Amended Complaint for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6), and grant such other and further relief that the Court deems appropriate.

Respectfully submitted,

By: _____ /s/ Scott V. Heck
         Scott V. Heck, Esq.
         Qing H. Guo, Esq.

**GORDON REES SCULLY MANSUKHANI, LLP**
1 Battery Park Plaza, 28th Floor
New York, NY 10004
Phone No.: (973) 549-2500
Fax No.: (973) 377-1911
sheck@grsm.com
qguo@grsm.com
*Attorneys for Defendants*
*Cyris Jewels and The Aurora Condominium*

Dated:  August 9, 2021