| | | |
|---|---|---|
| GEORGIA M. PESTANA<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | NICOLETTE PELLEGRINO<br>*Assistant Corporation Counsel*<br>Phone: (212) 356-2338<br>Fax: (212) 356-3509<br>Email: npellegr@law.nyc.gov |

August 25, 2021

VIA E.C.F.
Honorable Alison J. Nathan
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 11201

> The initial conference is adjourned to January 7, 2022 at 3:45 P.M.
>
> **SO ORDERED.**
>
> /s/ Alison J. Nathan
> 8/27/21

RE:  Sorin Lazar v. City of New York, et al., 21 Civ. 1748 (AJN)

Your Honor:

I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney representing defendant City of New York (hereinafter, the "City") in the above referenced matter. The City writes to respectfully request that (i) the September 3, 2021 Initial Conference and associated deadlines be adjourned *sine die* and (ii) instead of the City submitting a response to the First Amended Complaint by September 8, 2021, that it be permitted to *only* submit a responsive pleading to the anticipated Second Amended Complaint by 21 days after Plaintiff files the Second Amended Complaint.

**SO ORDERED.** /s/ Alison J. Nathan
8/27/21

This is the City's second request to adjourn the Initial Conference and first request to respond to the Second Amended Complaint instead of the First Amended Complaint. The Aurora Condominium and Cyris Jewels consent to the City's instant requests. On August 23, 2021, the undersigned e-mailed Plaintiff's counsel for the Plaintiff's position on the City's instant requests, and received an automated "out of office" message, which noted that Plaintiff's counsel

is "out of the office until September 7, 2021 with limited access to email and phone." Thus, the City was unable to obtain Plaintiff's position.

By way of relevant background, Plaintiff initiated this action on February 28, 2021, by filing the first complaint against the City Defendants, Cyris Jewels, and The Aurora Condominium. (See Dkt. No. 1.)

On March 9, 2021, the Court scheduled an initial conference for May 21, 2021, and directed the parties to submit a proposed case management plan and joint letter seven days before the conference, *i.e.*, on May 14, 2021. (See Dkt. No. 2.)

On May 10, 2021, the Plaintiff filed the Amended Complaint and a request for the issuance of summonses. (See Dkt. Nos. 3-4.)

On May 12, 2021, electronic summonses were issued for the City, Officer Nunezramos,[1] Cyris Jewels, and the Aurora Condominium. (See Dkt. No. 6.)

On May 14, 2021, the City was electronically served with a copy of the summons and Complaint, thereby making the Office of the Corporation Counsel ("this Office") aware of the instant proceeding for the first time. The City's response to the Amended Complaint is due on September 8, 2021. (See Dkt. No. 16.) Relatedly, the Initial Conference is currently scheduled for September 3, 2021, and the parties' proposed case management plan is due to the Court on August 27, 2021. (See Dkt. No. 10.)

On August 9, 2021, Cyris Jewels and The Aurora Condominium moved to dismiss the Amended Complaint. (See Dkt. No. 17.)

---

[1] As detailed in the City's August 4, 2021 Letter Motion, upon information and belief, Officer Nunezramos has not yet been served. (See Dkt. No. 15.)

On August 19, 2021, Plaintiff wrote to the Court, stating that he "intends to file an amended complaint on or before September 30, 2021, in response to the August 9 motion to dismiss." (See Dkt. No. 20.)

As the City has not yet submitted a responsive pleading to the governing First Amended Complaint, and due to the fact that Plaintiff intends to file a Second Amended Complaint, replacing the current governing pleading, the City respectfully contends that, in the interest of judicial economy and to save both the Court and the parties time and resources, instead of responding to both the First and Second Amended Complaints, it only files a response to the prospective Second Amended Complaint. Similarly, the Initial Conference is currently scheduled for September 3, 2021, and the parties' proposed case management plan and joint letter are due to the Court on August 27, 2021. (See Dkt. No. 10.) However, both of these deadlines occur *before* the City's response to the governing pleading is due and also before the Plaintiff files the Second Amended Complaint. Thus, since the Initial Conference and the proposed case management plan will involve, *inter alia*, the scheduling of certain discovery matters, the City respectfully contends that the submission of a proposed case management plan and the Initial Conference should occur *after* the Plaintiff files his Second Amended Complaint and all parties respond to such pleading.[2] Counsel for the defendants have conferred and are available to participate in the Initial Conference on either October 29, November 12 or 19, or December 3, 10, or 17.[3]

Accordingly, the City respectfully requests that (i) the Initial Conference and associated deadlines be adjourned *sin die* and (ii) instead of submitting a response to the First

---

[2] Today, the Court held that, in the prospective joint letter, "the parties should advise the Court if they can do without a conference altogether." (See Dkt. No. 21.) However, the City respectfully contends that it is unable to make such determination until, among other things, Plaintiff files the prospective Second Amended Complaint.

[3] As detailed above, the undersigned was unable to confer with Plaintiff's counsel.

3

Amended Complaint by September 8, 2021, that it be permitted to *only* submit a responsive pleading to the anticipated Second Amended Complaint by 21 days after the Plaintiff files the Second Amended Complaint.

        The City thanks the Court for its consideration.

        Respectfully submitted,

        /s/ *Nicolette Pellegrino*
        Nicolette Pellegrino
        *Assistant Corporation Counsel*
        Special Federal Litigation Division

CC:    VIA E.C.F.
        Richard St. Paul, Esq.
        *Attorney for Plaintiff*

        Qing Guo, Esq.
        Scott Heck, Esq.
        *Attorneys for Cyris Jewels and*
        *the Aurora Condominium*