```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SORIN LAZAR,                                       :
                              Plaintiff,           :
                                                   :         21 Civ. 1748 (LGS)
              -against-                            :
                                                   :         OPINION AND ORDER
CITY OF NEW YORK, et al.,                          :
                              Defendants.          :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

Plaintiff Sorin Lazar is a former employee of the Aurora Condominium (the "Condominium"). Plaintiff was arrested after Defendant Cyris Jewels, a board member of the Condominium, called the police suspecting that Plaintiff was unlawfully removing items from the building. Plaintiff commenced this action against the Condominium and Cyris Jewels (the "Aurora Defendants"), and Police Officer Jasmine Nunezramos and the City of New York (the "City Defendants"). The Second Amended Complaint (the "Complaint") asserts federal and state claims against the Aurora Defendants and the City Defendants. The Aurora Defendants have moved to dismiss. For the reasons below, the motion is granted.

As an initial matter, the Court recognizes Plaintiff's frustration and perhaps outrage that he was subjected to an arrest and publicly accused of being a thief when he merely had removed his own belongings from a space he was authorized to use. His theory is that Jewels knew or should have known that Plaintiff had permission to use the storeroom, and Jewels therefore should not have called the police. But there are no facts alleged as to how Jewels should have known or otherwise acted with malicious intent. Likely Jewels should have been more cautious before calling the police, or should not have assumed a criminal act when he saw Plaintiff removing items. But Jewels's conduct as currently alleged in the Complaint is legally

insufficient to plead the federal and state claims that are asserted. In addition, no facts are alleged that would impute liability to the Condominium.

**I.  BACKGROUND**

The following facts are taken from the Complaint or are matters of which judicial notice may be taken, including public filings. *See Dixon v. von Blanckensee*, 994 F.3d 95, 101 (2d Cir. 2021); *United States v. Am. Soc'y of Composers, Authors & Publishers*, 627 F.3d 64, 69 n.2 (2d Cir. 2010) (public filings). The Complaint's allegations are assumed to be true for purposes of this motion and are construed in the light most favorable to Plaintiff as the non-moving party. *See Hu v. City of New York*, 927 F.3d 81, 88 (2d Cir. 2019).

Plaintiff is a former superintendent for the Condominium. As the superintendent, Plaintiff occupied the designated superintendent apartment unit and stored certain items in the unused storage room. Plaintiff had received permission from the Condominium to use the storage room. In January 2020, Plaintiff was discharged from his position and was instructed to vacate the unit by the end of February 2020. On February 28, 2020, Plaintiff went to the storage room to remove his belongings. Defendant Jewels called the police, and Defendant Nunezramos arrested Plaintiff in a violent manner. Defendant Jewels filed a report with the NYPD stating that "Plaintiff used a set of keys to enter a locked supply closet and removed various items, including two security monitors and one drill and impact driver set."

Despite Plaintiff's explanation, Plaintiff was charged with petit larceny, criminal possession of stolen property and criminal trespass. The Aurora Defendants also published a newsletter falsely claiming that Plaintiff was a thief. All the charges were dismissed in January 2021.

## II.     LEGAL STANDARD

On a motion to dismiss, a court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party but does not consider "conclusory allegations or legal conclusions couched as factual allegations." *Dixon v. von Blanckensee*, 994 F.3d 95, 101 (2d Cir. 2021) (internal quotation marks omitted).  To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 854 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *accord Dane v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 189 (2d Cir. 2020).  It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[] [plaintiff's] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Bensch v. Est. of Umar*, 2 F.4th 70, 80 (2d Cir. 2021).  To survive dismissal, "plaintiffs must provide the grounds upon which [their] claim rests through factual allegations sufficient to raise a right to relief above the speculative level."  *Rich v. Fox News Network, LLC*, 939 F.3d 112, 121 (2d Cir. 2019) (alteration in original) (internal quotation marks omitted).

## III.    DISCUSSION

The Aurora Defendants move to dismiss the claims against them -- 42 U.S.C. § 1983 conspiracy against all Defendants, negligence against the Condominium and Jewels, negligent infliction of emotional distress against all Defendants and intentional infliction of emotional distress against the Condominium and Jewels.

A. **Section 1983 Conspiracy Claim**

The first cause of action alleges a "42 U.S.C. § 1983 Conspiracy" claim against "All Defendants." The first cause of action alleges a § 1983 conspiracy claim apparently based on underlying constitutional violations of false arrest, false imprisonment, excessive force and malicious prosecution. This claim is dismissed.

The Complaint fails to allege a § 1983 claim against the Aurora Defendants. In order to state a claim under § 1983, a plaintiff must allege that he was injured by defendants who were "acting under color of state law." *McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014). "[T]o state a claim against a private entity on a section 1983 conspiracy theory, the complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act." *Butcher v. Wendt*, 975 F.3d 236, 241 (2d Cir. 2020) (quoting *Ciambriello v. County of Nassau*, 292 F.3d 307, 324 (2d. Cir. 2002)) (internal quotation marks omitted). Put differently, a private actor acts under color of state law when the private actor "is a willful participant in joint activity with the State or its agents." *Ciambriello*, 292 F.3d at 324 (citations omitted). A plaintiff's claim that "he was arrested upon the false accusation . . . made against him by a private citizen to the police . . . is insufficient to state a plausible claim that [the private citizen] and the arresting officers shared a common goal of violating [the plaintiff's rights]" absent some further allegation of plausible collusion. *Betts v. Shearman*, 751 F.3d 78, 86 (2d Cir. 2014). "A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." *Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir. 1983) (internal quotation marks omitted); *accord Yi Sun v. NYC Police Dep't*, No. 18 Civ. 11002, 2020 WL 4530354, at *10 (S.D.N.Y. Aug. 6, 2020). The complaint must allege facts showing a "meeting of the

minds" between defendants to plead a conspiracy claim.  *Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003); *accord Marquez v. Hoffman*, No. 18 Civ. 7315, 2021 WL 1226981, at *23 (S.D.N.Y. Mar. 31, 2021).

Here, the Complaint pleads facts that doom the conspiracy claim.  Rather than pleading any agreement among the Defendants, Plaintiff alleges that the Aurora Defendants in effect misled the police.  The Complaint alleges that the Aurora Defendants "knew that the board gave Plaintiff approval to use storage space in the basement . . . and despite this knowledge, withheld this exculpatory evidence and improperly influenced the NYPD to unlawfully arrest Plaintiff."  As pleaded in the Complaint, the Aurora Defendants have no § 1983 liability because they did not conspire with state actors.

Although the only federal claim against the Aurora Defendants is dismissed, the Court cannot decline to exercise supplemental jurisdiction over the state law claims against the Aurora Defendants, as they suggest.  Because there remains a federal claim against the City Defendants, and the state claims against the Aurora Defendants derive from a common nucleus of operative facts as that federal claim -- Plaintiff's arrest on February 28, 2020 -- this Court may not decline to exercise supplemental jurisdiction.  *See* 28 U.S.C § 1367(c) (describing four circumstances when a district court may decline to exercise supplemental jurisdiction, none of which apply here); *see, e.g.*, *Rice v. City of New York*, 275 F. Supp. 3d 395, 407 (E.D.N.Y. 2017) (declining to dismiss state law claims against moving defendants were court retained original jurisdiction over federal claim against non-moving defendants).  Accordingly, the state law claims against the Aurora Defendants are addressed on the merits below.

### B. Negligence Against Defendant Jewels

The Complaint does not state a negligence claim against Defendant Jewels. Any claim sounding in negligence is based on the breach of a legally cognizable duty of care. *See Rampersaud v. Hsieh Hsu Mach. Co.*, 147 N.Y.S.3d 456, 456 (2d Dep't 2021) (common law negligence). Whether a defendant owed a duty of care to a plaintiff is a legal issue for the court. *Oddo v. Queens Vill. Comm. for Mental Health for Jamaica Cmty. Adolescent Program, Inc.*, 71 N.E.3d 946, 948 (N.Y. 2017). Whether a duty exists does not depend on a "simple weighing of equities" even when "symmetry and sympathy would so seem to be best served. Rather, the court must settle upon the most reasonable allocation of risks, burdens and costs among the parties and within society . . . ." *In re NYC Asbestos Litig.*, 59 N.E.3d 458, 469 (N.Y. 2016) (internal quotation marks and citations omitted) (quoting *De Angelis v. Lutheran Med. Ctr.*, 449 N.E.2d 406, 408 (N.Y. 1983)). "[T]he court cannot recognize a duty based entirely on the foreseeability of the harm at issue . . . ." *In re NYC Asbestos Litig.*, 59 N.E.3d at 469. A claim of negligence must plead "an unintentional breach of a legal duty." 79 N.Y. Juris. 2d Negligence § 1.

The Complaint alleges that Jewels's duty of care arose from his membership on the Condominium Board, and that his duty was "to ensure that the board's agreements, policies procedures and rules were performed in accordance with the standard of care usually exercised by professionals under similar conditions . . . including, but not limited to, a duty to ensure that an employee (Plaintiff) would not be subject to harassment, false statements, false accusations and filing of false police reports." The Complaint alleges that Jewels was negligent based on two theories -- (1) by "filing a false police report" and causing the unlawful arrest and (2) by

6

"publishing a newsletter falsely claiming that Plaintiff was a thief." Neither theory supports a negligence claim.

   1. **False Police Report**

Contrary to Plaintiff's claim, Jewels as a board member did not owe a duty of care to Plaintiff as an employee, or former employee of the condominium. Plaintiff cites no binding or other authority recognizing such a duty, nor has the Court found any.

The board of a cooperative and its board members owe *fiduciary* duties to the *cooperative* and to its *unit holders*. *See Kleinerman v. 245 E. 87 Tenants Corp.*, 903 N.Y.S.2d 356, 358 (1st Dep't 2010). That duty, if it applied, would give rise to a claim for breach of fiduciary duty and not for negligence. But a condominium board and its members do not owe fiduciary duties to the employees of a condominium. *Cf. Angel v. Bank of Tokyo-Mitsubishi, Ltd.*, 835 N.Y.S.2d 57, 60 (1st Dep't 2007) (holding that an employer does not owe fiduciary duty to an employee).

Even if that duty extended to employees, Jewels owed no fiduciary duty to Plaintiff in this circumstance. The duty appears to consist of two parts, a duty of loyalty and a duty of care, similar to the duties of a corporate board member, except that "in condominium and cooperative developments in particular, courts do not wish to impose liability on individuals volunteering their services to their fellow shareholders." N.Y. Condo. & Coop. Law 2d § 12:6 (citing cases). The Complaint attempts to invoke something like the duty of care imposed on a corporate board member. *Cf.* N.Y. Bus. Corp. Law § 717 (2017) ("A director shall perform his duties as a director, including his duties as a member of any committee of the board upon which he may serve, in good faith and with that degree of care which an ordinarily prudent person in a like position would use under similar circumstances."). That duty does not apply here because,

despite the Complaint's conclusory allegation, no alleged facts plausibly show that Jewels was exercising his duties as a board member when he called the police.

The filing of a false police report, unsuccessfully alleged here as a negligence claim, also would not state a claim of abuse of process, false arrest or imprisonment or malicious prosecution without pleading additional facts.  "[U]nder New York law, liability may not be premised on merely furnishing information to law enforcement authorities." *Wright v. Musanti*, 887 F.3d 577, 587 (2d Cir. 2018) (internal quotation marks omitted).  The Complaint does not allege the additional facts necessary to state a claim of abuse of process, including "use of the process in a perverted manner to obtain a collateral objective" in other words, to achieve a collateral purpose beyond Plaintiff's criminal prosecution.  *See Savino v. City of New York*, 331 F.3d 63, 76 (2d Cir. 2003); *Griffin v. City of New York*, No. 16 Civ. 5790, 2019 WL 280366 at *5 (S.D.N.Y Jan 18, 2019).  Similarly, the Complaint does not allege facts that would support a claim of false arrest or imprisonment or malicious prosecution.

> For a private defendant to be liable for false arrest or imprisonment in New York[,] the defendant must have affirmatively induced the officer to act, such as taking an active part in the arrest and procuring it to be made or showing active, officious and undue zeal to the point where the officer is not acting of his own volition.  While the plaintiff must prove that the defendant *intended* or *instigated* his confinement, a civilian complainant, by merely seeking police assistance or furnishing information to law enforcement authorities who are then free to exercise their own judgment as to whether an arrest should be made and criminal charges filed, will not be held liable for false arrest or malicious prosecution.

*Kraft v. City of New York*, 696 F. Supp. 2d 403, 421-22 (S.D.N.Y. 2010), *aff'd*, 441 F. App'x 24 (2d Cir. 2011) (citations omitted) (cleaned up) (applying New York law); *accord Robles v. City of New York*, 961 N.Y.S.2d 533, 534 (2d Dep't 2013); *Petrychenko v. Solovey*, 952 N.Y.S.2d 575, 578 (2d Dep't 2012); *Boadu v. City of New York*, 944 N.Y.S.2d 265, 266-67 (2d Dep't 2012).  None of these claims -- abuse of process, false arrest, false imprisonment or malicious

8

prosecution -- are alleged against Jewels. If Plaintiff has knowledge of additional necessary facts to plead any of these claims, he may seek leave to replead as set forth below.

### 2. False Newsletter

Plaintiff's second theory for the negligence claim is also insufficient. The Complaint alleges Defendant Jewels was negligent in "publishing a newsletter falsely claiming that Plaintiff was a thief." This claim is not actionable under a theory of simple negligence.

While the Complaint does not assert a cause of action for negligent defamation, it might do so if the Complaint (1) alleged more facts about the newsletter -- who wrote it, published it, to whom and when -- and (2) alleged facts substantiating the allegation that Jewels knew or should have known that some statement in the newsletter was false. "The elements of a cause of action for defamation are a 'false statement, published without privilege or authorization to a third party, constituting fault as judged by, at a minimum, a negligence standard, and it must either cause special harm or constitute defamation per se.'" *Tsatskin v. Kordonsky*, 138 N.Y.S.3d 641, 645 (2d Dep't 2020) (quoting *Salvatore v. Kumar*, 845 N.Y.S.2d 384, 388 (2d Dep't 2007)). If Plaintiff has additional facts that would state a claim for negligent defamation, he may seek leave, as set forth below, to assert a claim of defamation per se.

### C. Negligence Against Defendant Aurora Condominium

The Complaint does not state a sufficient cause of action for negligence against Defendant Aurora Condominium and suffers from similar defects as the negligence claim against Jewels. The Complaint alleges that the Condominium had a duty of care to Plaintiff "to ensure that [the Condominium's] policies, procedures and rules were performed in accordance with the standard of care usually exercised by professionals under similar conditions . . . including . . . a duty to ensure that its employee (Plaintiff) was protected from the type of conduct, harassment

and false statement perpetuated by Defendant Jewels." As with Jewels, Plaintiff cites no legal authority recognizing such a duty, and the Court has not found any.

The Complaint appears to assert a negligent hiring claim, alleging that Defendant Aurora Condominium was negligent in "hiring, training, supervising, disciplining and control[ling] . . . its employees, agents and servants . . . ." This theory of negligence fails on multiple grounds. First, Plaintiff cites no authority for the proposition that a condominium has a duty of care with regard to the "hiring, training, supervising . . . ." of condominium board members. Second, the Complaint alleges no facts suggesting that Jewels was acting in his formal capacity as a board member; it is more likely that he was acting as a unit owner in the building. Third, even assuming a duty, and that Jewels was acting in an official capacity, the Complaint is conclusory, alleging no facts showing how the Condominium was negligent. Finally, to the extent that the Complaint seeks to assert a negligent hiring claim, it fails to allege a threshold element of such a claim -- an employee-employer relationship. *See Rich v. Fox News Network, LLC*, 939 F.3d 112, 129-30 (2d Cir. 2019) (applying New York law). There is no allegation that Jewels, as a board member, was an employee. *See* N.Y. Condo. & Coop. Law 2d § 12:6 (citing *Pelton v. 77 Park Ave. Condo.*, 825 N.Y.S.2d 28, 35 (1st Dep't 2006) (observing that board members volunteer their time, without compensation, to take on the burden of managing the property for the benefit of other owners), *overruled on other grounds by Fletcher v. Dakota, Inc.*, 948 N.Y.S.2d 263 (1st Dep't 2012)); *see also Levandusky v. One Fifth Ave. Apartment Corp.*, 553 N.E.2d 1317, 1320-21 (N.Y. 1990) (same).

In addition, the Complaint alleges no facts imputing liability to the Condominium for Jewels's conduct, and in any event, as discussed above and below, the Complaint does not state any legally sufficient claims against Jewels. The Complaint's allegations that the Condominium

and Jewels published a false newsletter is also improperly asserted as one for simple negligence rather than negligent defamation.  The negligence claim against the Condominium is dismissed.

### D. Negligent Infliction of Emotional Distress (NIED) against All Defendants and Intentional Infliction of Emotional Distress (IIED) against the Aurora Defendants

The Complaint fails to plead a sufficient claim of NIED or IIED.  "To plead a negligent infliction of emotional distress claim under New York law, a plaintiff must allege (1) a breach of a duty owed to the plaintiff; (2) emotional harm; (3) a direct causal connection between the breach and the emotional harm; and (4) circumstances providing some guarantee of genuineness of the harm." *Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 81 (2d Cir. 2021) (construing New York law).  "To establish the fourth element, the plaintiff generally must plead that the breach endangered his physical safety or caused him to fear for his physical safety." *Id.* at 81 n.57; *see also Winslow v. New York-Presbyterian/Weill-Cornell Med. Ctr.*, 161 N.Y.S.3d 775, 776 (1st Dep't 2022) (finding that an NIED claim failed where a complaint did not allege that defendant "breached a duty owed to plaintiff, unreasonably endangering his physical safety or causing him to fear for his own safety").  Additionally, "[e]xtreme and outrageous conduct continues to be an essential element of a cause of action alleging negligent infliction of emotional distress." *Xenias v. Roosevelt Hosp.*, 120 N.Y.S.3d 298, 299-300 (1st Dep't 2020); *see also Holmes v. City of New York*, 111 N.Y.S.3d 856, 857 (1st Dep't 2019).

Under New York Law, to plead a claim for intentional infliction of emotional distress, a plaintiff must show: "(i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress." *Rich v. Fox News Network, LLC*, 939 F.3d 112, 122 (2d Cir. 2019) (construing New York law) (internal quotation marks omitted).  "[A]lthough 'the standard of outrageous conduct is strict, rigorous and difficult to satisfy[,] that

is not the case when there is a deliberate and malicious campaign of harassment or intimidation.'" *Id.* (citing *Scollar v. City of New York*, 74 N.Y.S.3d 173, 178 (1st Dep't 2018). In order to meet this standard, "the conduct must be 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized' society." *Specht v. City of New York*, 15 F.4th 594, 606 (2d Cir. 2021) (*citing Murphy v. Am. Home Prods. Corp.*, 448 N.E.2d 86, 90 (N.Y. 1983), *superseded by statute on other grounds*).

The extreme and outrageous conduct element in NIED and IIED is a matter of law for a court to decide. *Howell v. N.Y. Post Co.*, 612 N.E.2d 699, 702 (N.Y.1993); *accord Rich v. Fox News Network, LLC*, 939 F.3d 112, 122 (2d Cir. 2019). As stated above, the extreme and outrage conduct requirement is "rigorous and difficult to satisfy." *Truman v. Brown*, 434 F. Supp. 3d 100, 117 (S.D.N.Y. 2020).

Here, the allegations are insufficient to satisfy the high bar required to show "extreme and outrageous conduct." The Complaint alleges that Defendants filed a false police report and publicized the false report. These allegations sounding in false arrest and defamation, however, do not state a claim under NIED or IIED. Even if Plaintiff can show that he experienced emotional distress and that he feared for his safety for the NIED claim, the Aurora Defendants' actions are not "so outrageous in character, and so extreme in degree, . . . and utterly intolerable in a civilized society." *Specht*, 15 F.4th at 606; *see e.g.*, *Kaye v. Trump*, 873 N.Y.S.2d 5, 6 (1st Dep't 2009) (holding that attempting to instigate arrest based on false report does not constitute outrageous conduct); *Dollard v. City of New York*, 408 F. Supp. 3d 231, 238-39 (E.D.N.Y. 2019) (explaining that, under New York law, IIED and NIED are not actionable if the underlying claims overlap with traditional tort remedies such as false arrest or malicious prosecution);

*Berrio v. City of New York*, No. 15 Civ. 9570, 2017 WL 118024, at *7 (S.D.N.Y. Jan. 9, 2017). Both claims are dismissed.

### IV. CONCLUSION

For the foregoing reasons, the Aurora Defendants' motion to dismiss the Complaint is GRANTED.  For clarity, all claims remain as to the City Defendants who did not move to dismiss.

Within fourteen days of this order, should Plaintiff wish to seek leave to replead consistent with this opinion, he may file a red-lined version of the *proposed* Third Amended Complaint, showing changes from the Complaint, together with a letter application, not to exceed three pages, explaining how the proposed amended pleading cures the deficiencies identified above.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 29.

Dated: July 26, 2022
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**