

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

LORNA G. SCHOFIELD
U**NITED** S**TATES** D**ISTRICT** J**UDGE**

November 16, 2022

VIA E.C.F.
Honorable Lorna G. Schofield
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 11201

*Application **GRANTED** in part. The deadline to complete fact discovery is extended to **February 21, 2023**, and the conference scheduled for December 21, 2022 is adjourned to **March 22, 2023**. No further extensions will be granted absent extraordinary circumstances. An amended case management plan will issue separately.*

RE:   Sorin Lazar v. the City of New York, et al.,
21 Civ. 1748 (LGS)

*Plaintiff shall file a response to the remaining requests, not to exceed three pages, by **November 21, 2022**. So Ordered.*

Your Honor:

*Dated: November 17, 2022*
*New York, New York*

I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney representing defendants the City of New York and Jasmine Nunezramos (collectively, "City Defendants") in the above referenced matter. The City Defendants write to respectfully request: (a) with the consent of all parties, (i) that the deadline to complete fact discovery be extended by three months, from November 21, 2022, to February 21, 2022, and (ii) a corresponding adjournment of the pre-motion conference scheduled for December 21, 2022; and (b) that the Court order Plaintiff to, by a date certain on pain of dismissal, (i) respond to the City Defendants' July 22, 2022 Discovery Requests, (ii) sign and return the stipulation for virtual depositions to Defendants, and (iii) provide mutually available dates for the Plaintiff's deposition.

By way of relevant background, on February 28, 2021, Plaintiff initiated this action against the City Defendants and defendants Jewels and the Aurora Condominium (hereinafter, "Aurora Defendants"). (See Dkt. No. 1.)

On May 10, 2021, Plaintiff filed an Amended Complaint. (See Dkt. No. 3.)

On or around August 18, 2021, the Aurora Defendants moved to dismiss this action against them. (See Dkt. Nos. 17-18.)

On June 2, 2022, the Court endorsed the parties' proposed Case Management Plan, which, *inter alia*, set the close of discovery for October 20, 2022, and, thus, scheduled a pre-motion conference for November 16, 2022, provided that "[a] party wishing to file a summary

judgment or other dispositive motion shall file a pre-motion letter at least two weeks before the conference." (Dkt. No. 46.) The Case Management Plan also directed the parties to serve interrogatories and document requests by July 22, 2022, and that such requests must be responded to by August 22, 2022. (See id. ¶ 8.) Meanwhile, the Aurora Defendants and Plaintiff were still engaged in motion practice concerning the Aurora Defendants' motion to dismiss the Amended Complaint against them. (See Dkt. Nos. 17-18, 29, 32, 37, 41.)

Thus, on July 22, 2022, the City Defendants served its First Set of Interrogatories and Request for the Production of Documents (hereinafter, "July 22, 2022 Discovery Requests") on Plaintiff and, separately, on the Aurora Defendants.

On July 26, 2022, the Court granted the Aurora Defendants' motion to dismiss, but afforded Plaintiff an opportunity to file a Third Amended Complaint. (See Dkt. No. 54.) Since that time, Plaintiff has filed a Third Amended Complaint, and the Aurora Defendants are once again seeking to move to dismiss the action against them. (See Dkt. Nos. 59-60, 63, 70, 72.)

Meanwhile, on October 5, 2022, the City Defendants served a Notice of Deposition on Plaintiff for "a date and time to be agreed on by and between the parties," and the undersigned asked Plaintiff's counsel to provide dates for Plaintiff's deposition. The City Defendants also proposed a stipulation for conducting remote depositions to all parties, asking counsel to sign and return the stipulation.

In light of the ongoing motion practice between the Plaintiff and the Aurora Defendants, on October 5, 2022, Plaintiff requested an extension of time to complete discovery and participate in mediation. (See Dkt. No. 65.)

On October 6, 2022, the Court granted the Plaintiff's request, extending the time to complete fact discovery until November 21, 2022, "without prejudice to further application once Defendants The Aurora Condominium and Cyris Jewels have appeared in this case." (Dkt. No. 67.)

On October 27, 2022, the Aurora Defendants appeared in the case, writing to the Court concerning their second anticipated motion to dismiss, and noting that, inter alia, "[t]he Parties also conducted a pre-mediation conference on October 27, 2022," and "[t]he Parties seek guidance as to when mediation should take place based on the recent motion practice requested by Aurora Defendants as well as current discovery end date." (Dkt. No. 72.)

On October 28, 2022, the Court held that "[t]he parties should proceed with mediation forthwith. At the conclusion of the mediation conference, the parties shall file a joint letter apprising the Court of the status of mediation. The pre-motion conference and briefing schedule will be determined thereafter" and that "the parties should proceed with discovery in the meantime. If an extension to the fact discovery deadline is necessary, in light of the Aurora Defendants having recently appeared, the parties shall file an application for the same. Otherwise, discovery will not be extended except on a showing of diligence and compelling circumstances." (See Dkt. No. 73.)

That same day, the undersigned emailed Plaintiff's counsel, reminding him that the Plaintiff's responses to the Defendants' July 22, 2022 Discovery Requests were past-due and asking when the Defendants would be receiving them.

After not receiving a response from counsel, on October 31, 2022, the undersigned emailed all counsel again, asking whether (a) Plaintiff can be available for his virtual deposition on either November 17 or 18 and (b) all attorneys can please sign and return the proposed stipulation for conducting remote depositions.

On November 1, 2022, the City Defendants respectfully requested that the November 16, 2022 pre-motion conference and associated pre-motion conference letter deadline be adjourned to dates after the close of fact discovery. (See Dkt. No. 74.)

On November 3, 2022, the Court granted the City Defendants' request, adjourning the November 16, 2022 conference to December 21, 2022. (See Dkt. No. 75.)

On November 7, 2022, defense counsel emailed Plaintiff's counsel again, requesting that he provide Plaintiff's responses to the Defendants' July 22, 2022 Discovery Requests by no later than November 9, 2022 at noon.

On November 9, 2022, Plaintiff's counsel responded to the undersigned's October 31, 2022 email, noting that he is "ok with a virtual deposition" and, instead of providing dates for his client's deposition, proposed that the parties seek another extension of time to complete fact discovery. However, as of the date of this letter, counsel for the Aurora Defendants has signed and returned the proposed stipulation, but Plaintiff's counsel has not, notwithstanding the fact that he consents to conducting virtual depositions. Furthermore, as of the date of this letter, Plaintiff's counsel has still not answered defense counsel's inquiries concerning Plaintiff's responses to the Defendants' July 22, 2022 Discovery Requests, nor has Plaintiff provided his responses to the Defendants' July 22, 2022 Discovery Requests.

On November 14, 2022, the parties participated in a mediation but were unable to resolve the case. Notably, they believe that more paper discovery is required before they can meaningfully participate in a mediation.

Accordingly, in consideration of the above, and particularly in light of the constant motion practice and Plaintiff's failures to respond to the City Defendants' July 22, 2022 Discovery Requests or to provide dates to for his deposition, the City Defendants respectfully request (a) with the consent of all parties, (i) that the deadline to complete fact discovery be extended by three months, from November 21, 2022, to February 21, 2022, and (ii) a corresponding adjournment of the pre-motion conference scheduled for December 21, 2022; and (b) that the Court order Plaintiff to, by a date certain on pain of dismissal, (i) respond to the City Defendants' July 22, 2022 Discovery Requests, (ii) sign and return the stipulation for virtual depositions to Defendants, and (iii) provide mutually available dates for the Plaintiff's deposition.

The City Defendants thank the Court for its consideration.

Respectfully submitted,

/s/ *Nicolette Pellegrino*

Nicolette Pellegrino
*Assistant Corporation Counsel*
Special Federal Litigation Division

CC:   <u>VIA FIRST CLASS MAIL</u>
Richard St. Paul, Esq.
*Attorney for Plaintiff*

Scott Heck, Esq.
*Attorneys for defendants Cyris Jewels
and the Aurora Condominium*