

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**NICOLETTE PELLEGRINO**
*Assistant Corporation Counsel*
Phone: (212) 356-2338
Fax: (212) 356-3509
Email: npellegr@law.nyc.gov

February 3, 2023

VIA E.C.F.
Honorable Lorna G. Schofield
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 11201

Plaintiff shall file a response, not to exceed three pages, by **February 8, 2023.**  So Ordered.

Dated: February 6, 2023
           New York, New York

*[signature]*

L**ORNA** G. S**CHOFIELD**
U**NITED** S**TATES** D**ISTRICT** J**UDGE**

RE:   Sorin Lazar v. the City of New York, et al.,
         21 Civ. 1748 (LGS)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney representing defendants the City of New York and Jasmine Nunezramos (collectively, "City Defendants") in the above referenced matter. The City Defendants write to respectfully request that the Court order Plaintiff to, by a date certain and on pain of dismissal, provide mutually available dates for the Plaintiff's deposition.

      By way of relevant background, on February 28, 2021, Plaintiff initiated this action against the City Defendants and defendants Jewels and the Aurora Condominium. (See Dkt. No. 1.)

      On October 5, 2022, the City Defendants, *inter alia*, served a Notice of Deposition on Plaintiff for "a date and time to be agreed on by and between the parties" and the undersigned asked Plaintiff's counsel to provide dates for Plaintiff's deposition. However, Plaintiff's counsel did not respond.

      On October 31, 2022, the undersigned emailed counsel again, asking, *inter alia*, whether Plaintiff can be available for his virtual deposition on either November 17 or 18, 2022. However, once again, Plaintiff's counsel did not respond.

      On November 9, 2022, Plaintiff's counsel responded to the undersigned's October 31, 2022 email, noting that he is "ok with a virtual deposition" and, instead of providing dates for his client's deposition, proposed that the parties seek another extension of time to complete fact discovery.

Thus, on November 16, 2022, the City Defendants wrote to the Court to respectfully request, *inter alia*, (a) with the consent of all parties, that the deadline to complete fact discovery be extended by three months, from November 21, 2022, to February 21, 2023, and (b) that the Court order Plaintiff to, by a date certain on pain of dismissal, *inter alia*, provide mutually available dates for the Plaintiff's deposition. (See Dkt. No. 48.)

On November 17, 2022, the Court, *inter alia*, extended the time for the parties to complete discovery until February 21, 2023, and ordered that "Plaintiff shall file a response to the remaining requests, not to exceed three pages, by November 21, 2022." (See Dkt. No. 79.) However, Plaintiff did not.

Thus, on November 22, 2022, the Court – once again – directed Plaintiff to respond to the City Defendant's motion. (See Dkt. No. 83.)

Finally, on November 29, 2022, Plaintiff responded to the City Defendants' request, noting, *inter alia*, that he would be available for his deposition on either January 9, 10, 11, and 12, 2023. (See Dkt. No. 86.)

On November 30, 2022, the Court ordered, *inter alia*, that "Plaintiff and City Defendants shall attempt to resolve the discovery disputes without a court order." (Dkt. No. 87.)

Thereafter, the undersigned was on trial from December 6, 2022, through December 19, 2022.

Nevertheless, on December 12, 2022, the undersigned emailed Plaintiff's counsel to inquire about, *inter alia*, the scheduling of Plaintiff's deposition. Plaintiff's counsel did not respond.

On December 16, 2022, the undersigned again emailed Plaintiff's counsel inquiring about, *inter alia*, Plaintiff's deposition.

On December 28, 2022, the undersigned again emailed Plaintiff's counsel concerning, *inter alia*, the scheduling of Plaintiff's deposition.

On January 3, 2023, the undersigned again emailed Plaintiff's counsel concerning, *inter alia*, the scheduling of Plaintiff's deposition.

On January 26, 2023, the undersigned emailed Plaintiff's counsel five potential dates for Plaintiff's deposition, spanning from February 6, 2023, through February 16, 2023. However, Plaintiff's counsel failed to confirm whether any of those dates were feasible.

Thus, on January 30, 2023, the undersigned again emailed Plaintiff's counsel her availability to depose Plaintiff. In my email, I asked Plaintiff's counsel to please respond by tomorrow, *i.e.*, January 31, 2023, at noon and noted that if I did not hear from him, the City Defendants would have no choice but to write to the Court.

On January 31, 2023 at around 2:47 p.m., after not hearing back from Plaintiff's counsel, the undersigned telephoned Plaintiff's counsel's and left a voicemail message, asking Plaintiff's counsel to please call me back. However, as of the time of the filing of this letter, the undersigned has still not received any correspondence from Plaintiff's counsel concerning Plaintiff's anticipated February 2023 deposition and, thus, was also unable to meet and confer with Plaintiff's counsel before making this application.

Accordingly, the City Defendants respectfully request that the Court order Plaintiff to, by a date certain and on pain of dismissal, provide mutually available dates for the Plaintiff's deposition; preferably either February 9[1] or February 15, 2023.

The City Defendants thank the Court for its consideration.

Respectfully submitted,

/s/ *Nicolette Pellegrino*
Nicolette Pellegrino
*Assistant Corporation Counsel*
Special Federal Litigation Division

CC:   <u>VIA FIRST CLASS MAIL</u>
Richard St. Paul, Esq.
*Attorney for Plaintiff*

Scott Heck, Esq.
*Attorneys for defendants Cyris Jewels and the Aurora Condominium*

---

[1] The City Defendants respectfully request at least two-days' notice before Plaintiff's deposition.