

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**NICOLETTE PELLEGRINO**
*Assistant Corporation Counsel*
Phone: (212) 356-2338
Fax: (212) 356-3509
Email: npellegr@law.nyc.gov

February 21, 2023

VIA E.C.F.
Honorable Lorna G. Schofield
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 11201

Plaintiff shall file a response, not to exceed three pages, by **February 24, 2023**. So Ordered.

Dated: February 22, 2023
New York, New York

*LORNA G. SCHOFIELD*
**UNITED STATES DISTRICT JUDGE**

RE:   Sorin Lazar v. the City of New York, et al., 21 Civ. 1748 (LGS)

Your Honor:

I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney representing defendants the City of New York and Jasmine Nunezramos (collectively, "City Defendants") in the above referenced matter. The City Defendants write to respectfully request that the Court order Plaintiff to respond to certain discovery requests by a date certain and on pain of dismissal or, in the alternative, schedule a pre-motion discovery conference.

**I.    Relevant Background**

On February 28, 2021, Plaintiff initiated this action against the City Defendants and defendants Jewels and the Aurora Condominium. (See Dkt. No. 1.)

On June 2, 2022, the Court endorsed the parties' proposed Case Management Plan, which, *inter alia*, directed the parties to serve interrogatories and document requests by July 22, 2022, and that such requests must be responded to by August 22, 2022. (See id. ¶ 8.)

Thus, on July 22, 2022, the City Defendants served its First Set of Interrogatories and Request for the Production of Documents (hereinafter, "July 22, 2022 Discovery Requests") on Plaintiff.

On October 28, 2022, the undersigned emailed counsel asking when she could anticipate receiving the Plaintiff's past-due responses to the City Defendants' discovery requests. Plaintiff's counsel did not respond. Thus, on November 7, 2022, defense counsel emailed Plaintiff's counsel again, requesting that he provide Plaintiff's responses to the Defendants' Discovery Requests by November 9, 2022.

On November 16, 2022, Defendants, *inter alia*, requested that the Court order Plaintiff to, by a date certain on pain of dismissal, respond to the City Defendants' July 22, 2022 Discovery Requests. (See Dkt. No. 48.)  On two separate occasions, the Court ordered Plaintiff to respond to the City Defendants' Letter. (See Dkt. No. 79, 83.)

Finally, on November 29, 2022, Plaintiff responded to the City Defendants' Letter, noting, *inter alia*, that "Plaintiff will provide responses to the City Defendants['] July 22, 2022 Discovery Requests on or before December 23, 2022." (See Dkt. No. 86.)

On November 30, 2022, the Court ordered, *inter alia*, that "Plaintiff and City Defendants shall attempt to resolve the discovery disputes without a court order." (Dkt. No. 87.)

Thereafter, the undersigned was on trial from December 6, 2022, through December 19, 2022. Nevertheless, on December 12, 2022, December 16, 2022, and December 28, 2022, the undersigned again emailed Plaintiff's counsel inquiring about, *inter alia*, his past-due responses to the City Defendants' discovery requests. Plaintiff's counsel did not respond.

Thus, on January 3, 2023, the undersigned again emailed Plaintiff's counsel concerning, *inter alia*, his past-due responses to the City Defendants' discovery requests.

On January 5, 2023 – almost two weeks after the deadline that Plaintiff informed the Court that he would provide his responses by – Plaintiff's counsel finally emailed the undersigned purported responses to the City Defendants' discovery requests. (See Plaintiff's Responses to Defendants' First Set of Interrogatories, attached hereto as "Exhibit A"; see also Plaintiff's Responses to Defendants' First Request for Production of Documents, attached hereto as "Exhibit B").  However, there were multiple deficiencies with the Plaintiff's responses and the undersigned was unable to access three of the email attachments that were sent to her by Plaintiff's counsel.

Thus, on January 30, 2023, the City Defendants served a deficiency letter – which included a formal request that Plaintiff's counsel resend those email attachments – on Plaintiff with a response deadline of February 6, 2023.

On February 10, 2023, the parties conferred via telephone concerning depositions and the undersigned noted that Plaintiff's responses to the deficiency letter were past-due. She also re-sent the deficiency letter to Plaintiff's counsel and counsel indicated that he would review the letter. That same day, Plaintiff wrote to the Court, requesting that discovery be extended because "one or more of the depositions will have to take place in early March." (Dkt. No. 99.)

On February 13, 2023, the Court granted Plaintiff's request, noting that "[t]he fact discovery deadline is extended to March 21, 2023, for the limited purpose of completing the depositions referenced" in the Plaintiff's application. (Dkt. No. 100.)

Thus, on February 14, 2023, the undersigned emailed Plaintiff's counsel, noting that the Court's Order did not extend the time to complete document discovery and, thus, requested that Plaintiff respond to the deficiency letter by February 16, 2023. On February 15, 2023, the

2

undersigned also emailed Plaintiff's counsel an upload link via Kiteworks File Sharing so that Plaintiff could easily upload, or resend, the three outstanding attachments.

After not hearing back from Plaintiff's counsel, the undersigned emailed Plaintiff's counsel again on February 17, 2023, asking that Plaintiff respond to the deficiency letter by today, February 21, 2023, at 9 a.m., warning that the City Defendants would need to write to the Court. Plaintiff never responded.

**II.   Request to Compel Plaintiff to Respond on Pain of Dismissal or for a Pre-Motion Conference.**

As detailed *supra*, Plaintiff's counsel emailed three attachments to the undersigned on January 5, 2023, indicating that he agrees that they are relevant and *should* be produced; however, the undersigned has been unable to access them. Thus, the City Defendants respectfully request that such attachments be made available to them as soon as possible.

Next, while Plaintiff interposed multiple objections to many of the City Defendants' Discovery Requests – Interrogatory Nos. 2, 3, 7, 8, 9, 10, 11, 12, 13, 14, 15, and 16, and Document Request Nos. 4, 5, 8, 9, 11, 12, 13, 14, 15, 16, 18, 19, 20, 21, and 27 – he failed to provide any actual response. (See Ex. A and B.) For example, upon being asked to provide a computation of each category of economic damages that Plaintiff claims were caused, in whole or in part, by the Incident, including without limitation lost income, out-of-pocket expenses, etc., at Interrogatory No. 8, Plaintiff merely interposes objections and does not state whether he is claiming any economic damages. (See Ex. A at 7.) Plaintiff's response to this Interrogatory and others are relevant and necessary to complete paper discovery in this action, particularly any discovery concerning economic damages and loss wages, if any, and, thus, Plaintiff must provide responses concerning the outstanding requests.

Similarly, in response to certain requests – Document Requests Numbers 2, 3, 6, 7, 10, 26 – Plaintiff wrote: "Plaintiff responds as follows: See Ex. A. Further responsive, non-objectionable documents will be produced under separate cover, if located." (See Ex. B.) However, Plaintiff failed to identify or produce the "Ex. A." For example, Plaintiff references "Ex. A" in response to Document Request Number 10, which requests medical releases for any apparent injuries. Such request is relevant and necessary since Plaintiff purportedly pleads an excessive force claim, but has failed to produce any medical records. In any event, Plaintiff's reference to an "Ex. A" indicates that Plaintiff agrees that responsive and relevant materials exist and, thus, he should produce such and clarify whether any other documents exist in response to such requests as soon as possible.

Finally, Plaintiff also failed to sufficiently respond to other requests as well. For example, in response to Interrogatory No. 1, which requests the identification of witnesses of the incident or Plaintiff's alleges injuries, Plaintiff lists names without providing any contact information. (See Ex. A at 4.) Such witnesses are relevant to Plaintiff's claims and damages in this case and their contact information is necessary for the City Defendants to complete discovery in this matter. Thus, Plaintiff should provide their contact information as soon as possible.

Accordingly, the City Defendants respectfully request that the Court order Plaintiff to respond to certain discovery requests by a date certain and on pain of dismissal or schedule a pre-motion discovery conference.

The City Defendants thank the Court for its consideration.

Respectfully submitted,

/s/ *Nicolette Pellegrino*
Nicolette Pellegrino
*Assistant Corporation Counsel*
Special Federal Litigation Division

Encls.

CC: <u>VIA E.C.F.</u>
Richard St. Paul, Esq.
*Attorney for Plaintiff*

Scott Heck, Esq.
*Attorneys for defendants Cyris Jewels
and the Aurora Condominium*