UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

SORIN LAZAR,                                           :

                          Plaintiff,     :

                                 :               21 Civ. 1748 (LGS)

            -against-                           :

                                 :               <u>OPINION AND ORDER</u>

CITY OF NEW YORK, et al.,                              :

                      Defendants.  :

-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      Plaintiff Sorin Lazar is a former employee of the Aurora Condominium (the "Condominium").  Plaintiff was arrested after Defendant Cyris Jewels, a member of the Condominium's Board of Managers (the "Board"), called the police accusing Plaintiff of unlawfully removing items from the building.  Plaintiff commenced this action against the Condominium and Cyris Jewels (the "Aurora Defendants"), and Police Officer Jasmine Nunezramos and the City of New York (the "City Defendants").  The Third Amended Complaint (the "TAC") asserts federal claims of false arrest and malicious prosecution under 18 U.S.C. § 1983, as well as state claims against the City Defendants.  The TAC asserts two state claims, defamation and abuse of process, against the Aurora Defendants.  The Aurora Defendants move to dismiss both claims against them.  For the reasons below, the motion is denied.

## I.     BACKGROUND

      The following facts are taken from the TAC or are matters of which judicial notice may be taken, including public filings.  *See Dixon v. von Blanckensee*, 994 F.3d 95, 101 (2d Cir. 2021); *United States v. Am. Soc'y of Composers, Authors & Publishers*, 627 F.3d 64, 69 n.2 (2d Cir. 2010).  The TAC's allegations are assumed to be true for purposes of this motion and are construed in the light most favorable to Plaintiff as the non-moving party.  *See Hu v. City of New York*, 927 F.3d 81, 88 (2d Cir. 2019).

Plaintiff is a former superintendent for the Condominium.  As the superintendent, Plaintiff occupied the designated superintendent apartment unit and stored certain items in the unused storage room.  Plaintiff had received permission from the Condominium to use the storage room.  In January 2020, Plaintiff was discharged from his position and was instructed to vacate the unit by the end of February 2020.  On February 28, 2020, Plaintiff went to the storage room to remove his belongings.  Defendant Jewels called the police, and Defendant Nunezramos arrested Plaintiff in a violent manner.  Defendant Jewels filed a report with the New York City Police Department stating that Plaintiff used a set of keys to enter a locked supply closet and removed various items, including two security monitors, a drill and an impact driver set.

Despite Plaintiff's explanation, Plaintiff was charged with petit larceny, criminal possession of stolen property and criminal trespass.  In March 2020, the Aurora Defendants published a newsletter falsely claiming that Plaintiff was a thief.  This newsletter, which was sent by the Board to all residents of the Condominium, states: "Building Theft: On Friday evening, 2/28/20, a former employee was observed on surveillance cameras entering a cellar storage closet and removing Aurora property.  The police were called and the individual was arrested."  The newsletter lists Defendant Jewels as a member of the Board.  Since the Condominium employed only two individuals at that time, and the other individual was still employed, recipients of the newsletter knew Plaintiff to be the "former employee."  All of the charges against Plaintiff were dismissed in January 2021.

## II.    LEGAL STANDARD

On a motion to dismiss, a court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party but does not consider "conclusory allegations or legal conclusions couched as factual allegations."  *Dixon*, 994 F.3d at

101 (internal quotation marks omitted).  To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 854 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678; *accord Dane v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 189 (2d Cir. 2020).  It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[] [plaintiff's] claims across the line from conceivable to plausible."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Bensch v. Est. of Umar*, 2 F.4th 70, 80 (2d Cir. 2021).  To survive dismissal, "plaintiffs must provide the grounds upon which [their] claim rests through factual allegations sufficient to raise a right to relief above the speculative level."  *Rich v. Fox News Network, LLC*, 939 F.3d 112, 121 (2d Cir. 2019) (alteration in original) (internal quotation marks omitted).

## III.   DISCUSSION

The Aurora Defendants move to dismiss the defamation and abuse of process claims against them under Federal Rule of Civil Procedure 12(b)(1) for both claims and Rule 12(b)(6) for the defamation claim.

### A.  Supplemental Jurisdiction

The Aurora Defendants move to dismiss the two remaining claims against them for lack of jurisdiction under Rule 12(b)(1) on the theory that there is no federal claim against them.  For the same reasons outlined in the Court's previous order granting the Aurora Defendants' motion to dismiss the Second Amended Complaint at Dkt. No. 54, the Court cannot decline to exercise supplemental jurisdiction over the state law claims against the Aurora Defendants.

3

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  "For purposes of section 1367(a), claims form part of the same case or controversy if they derive from a common nucleus of operative fact."  *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d Cir. 2011) (internal quotation marks omitted).  "[W]here section 1367(a) is satisfied, the discretion to decline supplemental jurisdiction is available *only if* founded upon an enumerated category of subsection 1367(c)."  *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 85 (2d Cir. 2018) (quoting *Shahriar*, 659 F.3d at 245).

Although the only federal claim against the Aurora Defendants was dismissed, the basis for the Court's subject matter jurisdiction is the remaining § 1983 federal claims against the City Defendants.  Contrary to the Aurora Defendants' argument, both state claims against the Aurora Defendants "derive from a common nucleus of operative fact" as the federal claims against the City Defendants; all arise out of Plaintiff's arrest on February 28, 2020.  *See Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 491 (2d Cir. 2018) (internal quotation marks omitted).

None of the four circumstances when a district court may decline to exercise supplemental jurisdiction under § 1367(c) apply here.  *See, e.g.*, *Rice v. City of New York*, 275 F. Supp. 3d 395, 407 (E.D.N.Y. 2017) (declining to dismiss state law claims against moving defendants where court retained original jurisdiction over federal claim against non-moving defendants); *Bektic-Marrero v. Goldberg*, 850 F. Supp. 2d 418, 434 (S.D.N.Y. 2012) (same).  The defamation and abuse of process claims against the Aurora Defendants do not raise "novel or complex" issues of state law.  *See* 28 U.S.C. § 1367(c)(1).  These claims against the Aurora

Defendants do not "substantially predominate[]" over the federal false arrest and malicious prosecution claims "over which the district court has original jurisdiction." *See id.* § 1367(c)(2). The federal claims have not been dismissed. *See id.* § 1367(c)(3). And the Aurora Defendants have identified no "exceptional circumstances [or] other compelling reasons for declining jurisdiction." *See id.* § 1367(c)(4).

The cases cited by the Aurora Defendants do not counsel otherwise. Those cases discuss scenarios in which all of the federal claims in the suit -- not just the federal claims against the moving defendant -- were dismissed. *See Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 306-07 (2d Cir. 2003) (finding the district court's exercise of supplemental jurisdiction over plaintiffs' state law claims to be an abuse of discretion when plaintiffs had abandoned all of their federal claims early in the case and a state law claim raised unsettled questions of New York law); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 345 (1988) ("The question before us is whether a federal district court has discretion under the doctrine of pendent jurisdiction to remand a properly removed case to state court *when all federal-law claims in the action have been eliminated* and only pendent state-law claims remain." (emphasis added)). Here, the court has supplemental jurisdiction over the Aurora Defendants' state law claims, and lacks any permissible reason to decline to exercise that jurisdiction.

**B. Defamation**

The Aurora Defendants move to dismiss the defamation claim under Rule 12(b)(6) because the so-called common interest privilege negates the defamation claim. The motion is denied because the TAC alleges facts sufficient to show "malice," which overcomes the common interest privilege.

Under New York law,[1] "[t]he elements of a cause of action for defamation are a 'false statement, published without privilege or authorization to a third party, constituting fault as judged by, at a minimum, a negligence standard, and it must either cause special harm or constitute defamation per se.'" *Tsatskin v. Kordonsky*, 138 N.Y.S.3d 641, 645 (2d Dep't 2020) (quoting *Salvatore v. Kumar*, 845 N.Y.S.2d 384, 388 (2d Dep't 2007)); *see also Elias v. Rolling Stone LLC*, 872 F.3d 97, 104 (2d Cir. 2017) (construing New York law). "[A] defamation plaintiff must allege that the purportedly defamatory statement was 'of and concerning' him or her, i.e., that '[t]he reading public acquainted with the parties and the subject' would recognize the plaintiff as a person to whom the statement refers." *Elias*, 872 F.3d at 104-05 (quoting *Carlucci v. Poughkeepsie Newspapers, Inc.*, 442 N.E.2d 442, 443 (N.Y. 1982)). Of relevance here, defamation per se includes statements that "charge a person with committing a serious crime" and those "that would tend to cause injury to a person's profession or business." *Geraci v. Probst*, 938 N.E.2d 917, 922 (N.Y. 2010) (citing *Liberman v. Gelstein*, 605 N.E.2d 344, 347 (N.Y. 1992)); *see also Zherka v. Amicone*, 634 F.3d 642, 645 n.6 (2d Cir. 2011) (construing New York law).

New York recognizes several qualified privileges. One is the common interest privilege, which applies "where the communication is made to persons who have some common interest in the subject matter." *Town of Massena v. Healthcare Underwriters Mut. Ins. Co.*, 779 N.E.2d 167, 171 (N.Y. 2002). At the pleading stage, a plaintiff can overcome the common interest privilege by alleging that the defendant spoke with "malice." *Liberman*, 605 N.E.2d at 437.

---

[1] New York law applies because all of the events at issue occurred in New York and because the parties rely exclusively on New York law. *See Trikona Advisers Ltd. v. Chugh*, 846 F.3d 22, 31 (2d Cir. 2017) (where the parties' briefs assume that a particular state law controls, "such implied consent is . . . sufficient to establish the applicable choice of law" (internal quotation marks omitted)).

Malice can take the form of either common law malice, "spite or ill will," or constitutional malice, "knowledge that [the statement] was false or . . . reckless disregard of whether it was false or not." *Id.* at 437-38 (alteration in original) (internal quotation marks omitted). Under the constitutional malice standard, "the plaintiff must demonstrate that the statements [were] made with [a] high degree of awareness of their probable falsity." *Id.* at 438 (alteration in original) (internal quotation marks omitted); *see also New York Times Co. v. Sullivan*, 376 U.S. 254, 280 (1964) (establishing "actual malice" or the constitutional malice standard for First Amendment cases).

Here, the statement in the newsletter was "of and concerning" Plaintiff. *See Elias*, 872 F.3d at 104 (internal quotation marks omitted). Since Plaintiff was the only former employee of the Condominium and had recently worked there for seven years, readers of the newsletter could easily identify him even without his name. *See id.* at 105 ("[W]here extrinsic facts are relied upon to prove such reference the party alleging defamation must show that it is reasonable to conclude that the publication refers to him or her and the extrinsic facts upon which that conclusion is based were known to those who read or heard the publication." (alteration in original) (quoting *Chicherchia v. Cleary*, 616 N.Y.S.2d 647, 648 (2d Dep't 1994))). The Aurora Defendants' argument that Plaintiff was not called a thief is unavailing. The newsletter describes Plaintiff's actions that led to his arrest as "Building Theft."

The TAC sufficiently alleges that this statement of theft was false, as the TAC states that the Board had approved Plaintiff's use of the storage space and did not ask him to move out until the end of February 2020. The TAC also adequately alleges that the statement is defamation per se, as the statement accused Plaintiff of theft, a "serious crime." *See Epifani v. Johnson*, 882 N.Y.S.2d 234, 243 (2d Dep't 2009) (finding larceny "a serious crime so as to qualify as slander

per se") (internal quotation marks omitted).  The statement would also "tend to injure the plaintiff . . . by imputing fraud, dishonesty, misconduct, or unfitness in conducting [his] profession."  *See Kasavana v. Vela*, 100 N.Y.S.3d 82, 87 (2d Dep't 2019) (internal quotation marks omitted).  An allegation that a superintendent had stolen from the building where he worked would call into question his fitness to conduct his job.

As a communication "made to persons who have some common interest in the subject matter," this statement falls within the common interest privilege.  *See Town of Massena*, 779 N.E.2d at 171.  While the common interest privilege has "traditionally been tightly confined to cases in which the alleged defamatory statements were published to an extremely limited, clearly defined group of private persons with an immediate relationship to the speaker, such as a family member or an employer's own employees," New York courts have defined this limited group to include fellow tenants.  *See Konikoff v. Prudential Ins. Co. of Am.*, 234 F.3d 92, 99 (2d Cir. 2000) (construing New York law).  The newsletter was sent by the Board to all residents of the Condominium, who share a "common concern for the security and privacy of their apartments." *Bogoni v. Simpson*, 760 N.Y.S.2d 497, 498 (1st Dep't 2003); *see also Galanova v. Safir*, 29 N.Y.S.3d 459, 461 (2d Dep't 2016) (statements by cooperative building board members to tenants protected by common interest privilege); *Kotowski v. Hadley*, 833 N.Y.S.2d 103, 105 (2d Dep't 2007) (tenants in cooperative building shared common interest); *Tanner & Gilbert v. Verno*, 460 N.Y.S.2d 48, 50 (1st Dep't 1983) (same).

Nonetheless, the TAC adequately alleges the Aurora Defendants made the statement with malice, thus overcoming this privilege.  The TAC plausibly alleges that the Aurora Defendants spoke with "spite or ill will" because the TAC describes animosity between Plaintiff and the Aurora Defendants.  *See Liberman*, 605 N.E.2d at 437.  The TAC alleges Plaintiff was

"wrongfully and maliciously terminated" from his position as superintendent and that the Aurora Defendants intended "to use the arrest as leverage to drop the charges against Mr. Lazar if he moved out." The TAC's allegations also meet the constitutional malice standard of "knowledge that [the statement] was false or . . . reckless disregard of whether it was false or not." *See id.* at 438 (alteration in original) (internal quotation marks omitted). Drawing all reasonable inferences in Plaintiff's favor as required on this motion, the TAC alleges that the Aurora Defendants misled the police by falsely accusing Plaintiff of stealing from the Condominium when they knew or were reckless in not knowing that he was clearing out his personal belongings from his assigned storage unit -- an instruction the Aurora Defendants themselves had given to Plaintiff. Thus, the TAC sufficiently pleads a defamation claim.

## IV.   CONCLUSION

For the foregoing reasons, the Aurora Defendants' motion to dismiss the TAC is DENIED.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 88.

Dated: May 10, 2023
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE